BEER, Judge.
A collision between defendant-appellant’s cab and plaintiff-appellee, a pedestrian, occurred at the controlled intersection of Magnolia Street and Washington Avenue on March 6, 1972 at about 4:00 p. m. It was a clear day. On trial of the matter each urged that he had a signal light favorable to his movements at the intersection and each summoned witnesses who testified in his favor. The trial judge found for plaintiff-appellee and indicated in his written reasons that he seriously questioned the character of defendant and found his testimony hard to believe. Defendant-appellant challenges, as irrelevant, certain observations utilized by the trial court in support of his reasons for judgment.
Roy C. Williams, the cab driver, not only contends that the light was in his favor but further that the plaintiff, Abner J. Phillips, walked into his vehicle. He also contends that a vehicle parked very near the intersection obstructed his view.
Phillips contends that he was walking on Washington Avenue towards the river arid, upon reaching the intersection, observed that the light controlling traffic on Washington Avenue was red. He waited until the light turned green and proceeded to cross Washington Avenue. Witnesses Leonard Jackson and Frederick Edmonson confirm this account. Both testified that they saw the accident occur. Leonard Jackson was walking with a friend, saw the light controlling Washington Avenue traffic change to green, and began to cross Magnolia Street as did plaintiff-appellee. Jackson was apparently not as far across Magnolia Street is Phillips and was not struck. He also testified there was no car parked very near the intersection when the accident occurred.
*809 Edmonson saw the accident from outside a bar located on one of the intersection corners. He saw the cab coming at approximately 30 to 40 miles per hour on Magnolia Street as Phillips and was not nue, and strike Phillips. He testified that the light controlling Washington Avenue traffic was green and from his angle could view another of the four signal lights at the intersection showing a red light for traffic on Magnolia Street. He stated that no car was parked near the corner where the collision occurred.
The investigating police officer who arrived very quickly after the accident, stated that he found no vehicle parked near the intersection nor did he find any other impediment to a clear view of the area.
Roy Williams and the witnesses he called testified to the contrary. Williams stated he was proceeding on Magnolia, in a school zone, at approximately 20 miles per hour. The light was in his favor when Phillips stepped from the corner and “walked” into his vehicle. He contends that he was approximately two car lengths from the light when it turned green in his favor. He noticed Phillips when his cab was approximately one-and-a-half car lengths away from him and claims that a car parked at the intersection obstructed his vision.
James Vaughan had parked his car on Magnolia and was locking it when he heard the squeal of brakes and immediately turned around to see a green light for Magnolia Street traffic. Mrs. Esther Randall was stopped at a red light on Washington Avenue behind another vehicle and heard the brakes applied.
Plaintiff-appellee calls attention to the fact that Mr. Vaughan and Mrs. Randall knew Williams as a result of various church activities and questions their impartiality.
Police Officer Burkart testified that he asked Williams for the names of witnesses to the accident but received none. Williams maintains that he informed Officer Burkart that he knew of witnesses but was not asked for their names. In this regard Mrs. Randall testified that she was at the scene for five or ten minutes after the accident and never saw a policeman. Officer Burkart testified he was on the scene within minutes of the accident because he was in the immediate area when the radio call was received.
Immediately after the accident Phillips was seen by Dr. John Savoie who, in deposition, testified plaintiff’s right knee was “unstable” and causing moderate pain. He could not be sure that there was a tear of the medial miniscus and recommended plaintiff see an orthopedic specialist. He also noted soreness of plaintiff’s shoulder but felt the knee problem was more serious.
Dr. Eugene Dabezies, an orthopedic specialist, saw plaintiff on January 7, 1974, almost two years after the accident. He noted a possible tear of the medial minis-cus and a five to ten percent impairment to physical function of the right knee. He believed that plaintiff’s shoulder problem was due to an arthritic condition predating the accident. Dr. Irving Redler, also a specialist in orthopedics, found no residual disability of the knee nor difficulty with the shoulder. Like Dr. Dabezies, he believed that symptoms relative to the shoulder were unrelated to the accident. He saw plaintiff on January 10, 1974 almost two years after the accident.
Although there is little support in the record for an award covering alleged injury to Phillips’ shoulder and back, there is substantial evidence to support the award of $4,500 for his knee injury which, at various times since the accident, has *810 caused him to be hospitalized at Charity Hospital in New Orleans for approximately eighteen days. Likewise, there is complete support for the special damages award covering this hospitalization in the amount of $576.
We find no manifest error in the credibility determination reached by the trier of the facts.
Williams admits that Phillips was crossing at the proper point of the intersection and not jaywalking. He acknowledges that, at best, he was only one-and-a-half or two car lengths from the light when it turned in his favor and further acknowledges that this was also his distance away from Phillips when he first saw him crossing. Thus, even his own version would cause us to seriously consider that he had the last clear chance to avoid the accident. But we do not reach this point of consideration for the record amply supports the basic credibility determination of the trial court. Lavergne v. Hoffpaiur, 306 So.2d 462 (La.App. 3rd Cir. 1975) and also Canter v. Koehrinq Company, 283 So.2d 716 (La.1973).
Finally, we turn our attention to defendant-appellant’s contention that the trial court’s judgment was based on irrelevant factors indicated by certain comments in its written reason for judgment. Though the comments themselves might seem harsh to defendant-appellant’s able counsel, the record itself belies the contention that the trial court permitted its emotions to becloud its judgment. A close examination of the record provides a valid basis for sustaining the credibility call that the trial court has made in this case notwithstanding the gratuitous observations about which counsel now complains.
For the foregoing reasons the judgment of the Civil District Court for the Parish of Orleans is affirmed at appellants’ cost.

Affirmed.