SCHOTT, Judge.
Plaintiff has appealed from a dismissal of, her suit for damages arising out of an automobile accident which occurred on August 27, 1972, at about 7:15 AM, at the intersection of U. S. Highway 61 and Louisiana Highway 22 in Sorrento, Louisiana.
The two highways intersected at right angles with Highway 61 running generally north-south. Highway 61 consisted of two lanes on each side of a neutral ground with a third turning cut into the neutral ground at the intersection. It was controlled by an electric semaphore system. The weather was clear and dry.
Plaintiff was a passenger in an automobile driven by Daniel Carruthers. As they proceeded north on Highway 61 their automobile struck the automobile operated by defendant, Victoria Whitaker, and owned by Abe Whitaker, and insured for liability by the Continental Insurance Company. Mrs. Whitaker was proceeding east on Highway 22, having crossed over the southbound lanes of Highway 61 and the neutral ground, and was struck as she crossed the northbound lanes of Highway 61.
As Carruthers approached Highway 22, traveling about 60 miles per hour, the light facing him should have been red but was out because of a malfunction at the time.
As Mrs. Whitaker approached Highway 61 the light facing her on Highway 22 was red and she came to a stop behind a large tank truck. When the light turned to green the truck moved forward and made a right turn to the south along Highway 61. She looked both ways and saw nothing coming from either direction. Her view of the Carruthers automobile, approaching from the south on the other side of the neutral *251 ground, was obstructed by the tank truck. She then began crossing the intersection with the green light and continued until the collision occurred. She was rendered unconscious in the collision and did not recall ever seeing Carruthers’ automobile.
Plaintiff’s suit was against the Whitakers and their insurer on the theory that she was guilty of some negligence contributing to the cause of the accident, and against the Louisiana Department of Highways because of the malfunctioning light. The trial court in oral reasons for judgment at the conclusion of the trial found that the sole cause of the accident was the negligence of Carruth-ers, thereby exonerating the other defendants.
As to the Whitakers and their insurer, she did have a right to assume, as she proceeded across the intersection with the green light, that others would stop in obedience to the red light. Only where a motorist entering the intersection with a favorable signal could have avoided the accident by the slightest degree of observation and care will the motorist be found negligent. The favored motorist discharges her duty when she maintains a general observation of the controlled intersection. Modica v. Manchester Insurance & Indemnity Co., 284 So.2d 791 (La.App. 4th Cir.1973), Correge v. Webb, 284 So.2d 355 (La.App. 4th Cir.1973), writ refused La., 286 So.2d 664.
We have examined this record according to the standards enunciated in Canter v. Koehring Company, 283 So.2d 716 (La.1973), and find that the testimony of Mrs. Whitaker that she looked both ways before she began crossing the intersection with the green light together with the presence of the tank truck was sufficient to furnish a reasonable factual basis for the trial court’s finding that she was not negligent.
As to the liability of the Highway Department, a mere showing that this light malfunctioned and that such a malfunctioning light contributed to the accident is not sufficient to make the Department liable. It must also be shown that the Department had either actual or constructive notice that the signal was malfunctioning and negligently failed to remedy the hazardous situation. Mistich v. Matthaei, 277 So.2d 239 (La.App. 4th Cir.1973). There is no convincing evidence of such in this record.
The judgment appealed from is affirmed at plaintiff’s cost.
AFFIRMED.