SCHOTT, Judge.
This is a suit for personal injuries sustained by plaintiff when the motorcycle he was operating collided with a tractor-trailer driven by Roy L. Wiley, Jr., owned by his employer, A & P Pood Stores, and insured for liability by Aetna Life & Casualty Company.
Plaintiff had been proceeding west in the left lane of Jefferson Highway at about 30 miles per hour when defendant’s vehicle entered the highway from a road leading to the A & P Warehouse complex on plaintiff’s right. The intersection which, on the other or river side of the highway, led to Ochsner Foundation Hospital, was controlled by an electric semaphore system. The light facing plaintiff was green.
In the meantime, Wiley had brought his vehicle to a stop at the intersection in obedience to the semaphore signal facing him, which was red at the time, but shortly after he stopped the light turned green for him, whereupon he looked both ways and proceeded across the intersection. The impact occurred on the left front fender of Wiley’s vehicle within the left westbound lane of Jefferson Highway.
The parties have stipulated that the lights malfunctioned so that both drivers had green lights when the accident occurred.
The Department of Highways was made a defendant along with Wiley and Aetna, and the case was tried to a jury with respect to the liability of Wiley and Aetna, while the judge tried the case against the Highway Department. The jury exonerated Wiley from liability. The judge found the Highway Department liable and found plaintiff free of contributory negligence. An award of $75,000 was given to plaintiff by the trial judge.
Plaintiff appealed from the judgment exonerating Wiley, the Highway Department appealed from the judgment casting it in damages, plaintiff answered that appeal seeking an increase in quantum, and Wiley and Aetna answered the appeal as a protective measure to hold the Highway Department liable and to enforce contribution in the event this court would reverse the trial court’s judgment dismissing plaintiff’s case against them.
In addition to the stipulation that the lights malfunctioned the Highway Department also agreed at a pre-argument conference in this court that the finding of the trial court as to the Department’s negligence was correct. However, the Department reserved contentions that its negligence was not the proximate cause of the accident but rather that plaintiff’s contributory negligence and/or Wiley’s negligence was the proximate cause.
There is evidence of record which furnishes a basis for the conclusion of the trial judge and the jury as to freedom from negligence on the part of both plaintiff and Wiley.
Plaintiff was proceeding toward the intersection in his left lane at 30 miles per hour or 44 feet per second when Wiley began to move from a stop at a point 17 feet from the right lane. As Wiley moved forward he got up to three miles per hour by the time he reached the right side of the highway and thus took 7.7 seconds to cover this distance at an average of IV2 miles per hour or 2.2 feet per second. During this interval of 7.7 seconds plaintiff covered about 340 feet at a time when he had the right to assume that Wiley would stop in obedience to what plaintiff thought was a red light. Austrum v. City of Baton Rouge, 267 So.2d 284 (La.App. 1st Cir. 1972), writ granted but affirmed on this point, 282 So.2d 434 (1973). Shortly after Wiley entered the right lane plaintiff attempted to stop but required about 100 feet to do so and it was too late for him to avoid a collision since it took Wiley less than three seconds to cross the right lane.
In the meantime, when Wiley started from his stopped position, according to his testimony, he did not see plaintiff approaching from his left. Even if he had seen plaintiff, he was over 400 feet away and Wiley could assume that plaintiff would stop in obedience to the red light Wiley thought plaintiff now had. We see *1251 no error in the trial judge’s conclusion that Wiley discharged his duty of maintaining a general observation of the intersection before he began to cross over. Labostrie v. Whitaker, 342 So.2d 249 (La.App. 4th Cir. 1977), writs refused 344 So.2d 4 (1977).
As to quantum, this 25 year old plaintiff suffered a fracture and dislocation of his right hip and injury to the right sciatic nerve. He was hospitalized and in traction for almost three months and was still wearing a foot brace at the time of the trial in May, 1976, eighteen months after the accident. He was estimated to have a 50% permanent disability of the right leg. A truck driver before the accident, he was unable to resume this occupation at trial time and had taken a job as- a clerk with earnings of $650 per month less than he made before the accident. Both plaintiff and the Department argue from different points of view that the $75,000 award is inappropriate, but neither position is persuasive.
An analysis of the award of $75,000 proves it to be quite low but the question is whether we can raise it in the light of the jurisprudence. The award encompasses some $6,000 for medical expenses and $14,-000 for wages lost to date of trial, leaving $55,000. If we assume that the trial judge awarded $25,000 for pain and suffering this leaves $30,000 for future earnings. As to the $25,000 we cannot say this is an abuse of discretion in the light of Coco v. Winston, La., 341 So.2d 332 (1976).
As to future earnings, this is a 25 year old high school graduate who has been required to change employment from a truck driver to a bank clerk at a cut in pay, but it is speculation to assume that this reduction is permanent. The trial judge may have presumed that after four years in his new position, during which time $30,000 will compensate him for the loss of earnings, he may become proficient in a new position to the extent that he will have no more loss of future earnings. We are not considering here a case of total disability where prospects for future employment do not exist, but rather a partial disability which requires plaintiff simply to start in a new field. In the light of Robinson v. Graves, La., 343 So.2d, 147 (1977), we cannot say the trial judge abused his discretion.
Accordingly, the judgment appealed from is affirmed.
AFFIRMED.