REDMANN, Judge.
Defendants appeal from a judgment fixing personal injury quantum upon their admission of liability. They complain of the trial judge’s expressly including within the injuries an ear drum perforation (described as “old” by the only medical witness who saw it at the time of the accident) and a knee injury (a torn meniscus, requiring surgery, that did not appear until 42 months after the accident).
The knee injury could, one doctor testified, have been caused by the accident. This testimony is neither self-contradictory- or otherwise so implausible as to require rejection. The trial judge could therefore believe it and we cannot substitute our credibility evaluation for his; Canter v. Koehring Co., La.1973, 283 So.2d 716.
The ear drum perforation, however, is not attributed to the accident by anyone except plaintiff, and even plaintiff testified that no doctor has related the perforation to the accident. The only medical evidence from the time of the accident is to the contrary. Thus the inclusion of the perforation as an injury from the accident was error.
The trial judge gave the perforation prominence in his reasons for judgment, and his $15,000 award includes damages for the perforation and loss of hearing (and presumably for the later hospitalization and tympanoplasty). If he had itemized the award, we would be obliged to delete the amount attributable to the ear. The award is not itemized, but our obligation remains to delete the award for the ear despite the difficulty of determining its amount.
The principal other injury was that to the knee, although there were several minor items. We estimate that about a third of the $15,000 award is attributable to the ear perforation and we would therefore reduce quantum to $10,000 on defendants’ appeal,
Plaintiff’s answer sought increase in quantum. However, following Coco v. Winston Ind. Inc., La.1977, 341 So.2d 332, we would leave undisturbed a $15,000 award for all the injuries found by the trial judge. That amount is within his “much discretion”, C.C. 1934(3) and we would not increase it. We decrease it only because it included damage not attributable to the accident.
Amended in principal to $10,000; costs of appeal to be equally divided.
LEMMON, J., concurs and assigns additional reasons.
GULOTTA, J., dissenting.