COVINGTON, Judge.
This is a companion case to five consolidated eases which have already been decided, Stewart v. Schmieder, 876 So.2d 1046 (La.App. 1st Cir.1979), and Stewart v. Schmieder, 386 So.2d 1351 (La.1980). The present suit was originally joined with the other suits but was severed from them at the trial. Trial of the five remaining consolidated cases proceeded, and in due course a judgment was granted in each case in favor of the particular plaintiff against the City of Baton Rouge, the Parish of East Baton Rouge and Roy Rackley (the architect employed by the owner who was constructing his own building).[1] The Court of *329 Appeal upheld the trial court’s judgment as to all defendants except Rust Engineering Company and its insurer. Writs were granted by the Supreme Court, which ultimately affirmed the judgment of the Court of Appeal.
The present suit went to trial on July 14, 1982. Judgment was rendered holding the City of Baton Rouge, the Parish of East Baton Rouge and Roy Rackley (Roy C. Rackley, Jr.), in solido, in the amount of $32,681.61, with interest and costs.
The City and the Parish have appealed the judgment. The other defendant, Roy Rackley, has not appealed. The plaintiff has answered the appeal seeking an increase in the award.
Briefly stated, Carolyn F. Blanchard was working inside a building under construction at 12055 Airline Highway in Baton Rouge as a carpenter’s helper employed by Baton Rouge Wood Products, Inc. on September 30, 1974 when the building collapsed, injuring her right leg. She was trapped in the debris of the building for about one-half hour. She was hospitalized for several days and later, on November 5, 1974, underwent knee surgery in which the surgeon removed the medial and lateral minisci. After her discharge from the hospital, she saw her orthopedic surgeon approximately 16 times from November 20, 1974 until June 1, 1976, when she achieved maximum recovery. The doctor was of the opinion that she had between 30-35% residual disability of the right leg. There was some atrophy and some loss of flexion, with some scarring. The trial judge found that she had “a long, painful period in her recovery.” The court below allowed her $20,000 for general damages, $3,227.11 for stipulated special damages and $9,454.50 for loss of wages.
On this appeal, the appellants do not contest their liability or the amount of the award. Their contention is that they are entitled to a reduction in the judgment because the plaintiff settled with Don Schmieder whose negligence, they assert, “was a direct cause of the injuries of the plaintiff.”
This argument is without merit. The trial judge stated in his “Written Reasons for Judgment” after granting a hearing for a new trial:
An examination of the record, including the transcript and exhibits, does not reflect any negligence on behalf of Don Schmieder or 12055 Airline Corporation. As stated by the First Circuit in Stewart v. Schmieder, 376 So.2d 1046 (1st Cir. 1979):
The collapse was due to the defective manner in which the roof was attached to the front wall of the building. This was one of the few spots in which Mr. Schmieder followed the plans which had been prepared by Mr. Rackley. (p. 1049).
This Court could not find any evidence showing that Mr. Schmieder knew or should have known that Mr. Rackley’s plans were defective insofar as the design of the roof.
We find that the case of Raley v. Carter, 412 So.2d 1045 (La.1982), is controlling on this issue. The Raley court held that where codefendants have been released prior to trial, the remaining defendants are not entitled to a reduction of the judgment against them unless they prove that the released codefendants are joint tortfeasors. The record supports the conclusion that the released codefendants in the present case are not joint tortfeasors.
Plaintiff in answer to the appeal argues that the amount of the award is woefully inadequate. We have carefully examined the facts in the case before us. We cannot find that “clear abuse” of discretion on the part of the trial judge which would allow us to disturb the award of damages made by him. To the contrary, a review of all of the testimony and evidence in the record reveals the trial court’s determinations and award, which he explained in his reasons for judgment, have a reasonable basis. Reck v. Stevens, 373 So.2d 498 (La. 1979).
*330 For the reasons assigned, we affirm the judgment of the district court at the cost of the defendants-appellants, the City and the Parish.
AFFIRMED.

. These suits were brought against Don H. Schmieder, Richard D. Schmieder, John W. McLaughlin, 12055 Airline Corporation, Roy Rackley, the City-Parish, Rust Engineering Company and American Mutual Liability Insurance Company (Rust’s insurer). Prior to trial, Don H. Schmieder, McLaughlin and 12055 Airline Corporation settled with all plaintiffs, including the present plaintiff, Carolyn F. Blanchard. Some of the plaintiffs (but not Blanchard) also settled their claims against the Rust Engineering Company and its insurer during the trial. In those cases where no settlement had *329 been made with Rust and its insurer, judgment was rendered against Rust and its insurer.