GROVER L. COVINGTON, Chief Judge.
On remand from the Louisiana Supreme Court, this matter is before us on the question of quantum.[1] While shopping at the supermarket of defendant, Winn-Dixie Louisiana, Inc., plaintiff slipped on rice, which had been spilled in the aisle and fell to the floor, landing on her knee.
*7 As a result of the fall, the plaintiff sustained an injury to her left knee and to the little finger of her left hand. At the time of the mishap, she complained of these injuries. There was almost immediate swelling of the knee with subsequent burning sensation and discoloration, and swelling of the knuckle of the finger, with the nail broken. She went to Dr. Saul Landry, a general practitioner, the next day for treatment of her injuries. He treated her for a sprained knee. It did not respond to conservative treatment, so she went to Dr. Christopher Cenac, an orthopedist. He diagnosed her condition as a torn medial cartilage.
Subsequently, surgery was required on the knee. She was in the hospital for five days. While in the hospital, she was placed in a cast, which remained for two months. Later she underwent physical therapy for several months, and was doing therapy exercises at home at the time of the trial. The knee injury was painful for a considerable period of time. It is still subject to intermittent swelling and pain, and there is some instability of the knee. Her functional disability consists mainly of an inability to stand or remain on her feet for long periods of time. She can’t bend her knee and it “locks” on her. She often has to put hot towels on it and can’t stoop; nor can she wear high heel shoes. Dr. Cenac gave Mrs. Brown an impairment rating of 10 percent of the left leg.
In Kyle v. City of New Orleans, 357 So.2d 1389 (La.App. 4th Cir.1978), writ denied 359 So.2d 1307 (La.1978), the appeal court affirmed an award of $25,000 for general damages to a seaman who suffered a 30 percent lower extremity disability.
In Monnerjahn v. Aetna Life & Casualty Co., 350 So.2d 1249 (La.App. 4th Cir. 1977), an award of $25,000 for general damages was made to a truck driver who could not return to his occupation because of 50 percent residual disability of the lower extremity.
The court in Burnell v. Sportran Transit System Company, 421 So.2d 1199 (La.App. 2nd Cir.1982), writ denied 423 So.2d 1183 (La.1982), awarded $20,000 general damages to a woman who sustained a fractured and displaced kneecap, which required surgery, along with other injuries. She suffered a significant degree of pain for an extended period of time.
In Cardwell v. Jefferson Rentals Division of J-R Equipment Corporation Assurance Company, 379 So.2d 255, 263 (La. App. 4th Cir.1979), the plaintiff suffered a torn cartilage of the knee. After routine treatment and surgery, he was released by his doctor as fit to return to work, except for climbing and standing for long periods of time. The appeal court reduced the award to $25,000, and remarked:
An examination of the jurisprudence on rewards [awards] for similar injuries indicates that $25,000 would be appropriate. Bordelon v. Sentry Insurance Company, 359 So.2d 1046 (La.App. 4th Cir.1978); Scott v. I.L. Lyons & Co., Ltd., 329 So.2d 795 (La.App. 4th Cir. 1976); Phillips v. Williams, 323 So.2d 808 (La.App. 4th Cir.1975).
Accordingly, we find that $25,000 will adequately compensate plaintiff for her general damages. The record sent to us does not reflect the special damages; however, we also find that the plaintiff is entitled to recover the special damages established in the record. The awards for damages are to bear interest from the date of judicial demand until paid, with all costs to be borne by defendant, Winn-Dixie Louisiana, Inc.
RENDERED.

. Plaintiff, Marie Brown, filed suit to recover damages for personal injuries sustained by her when she slipped and fell in the Winn-Dixie Store in Houma. Judgment was rendered against her in the trial court. On appeal, we affirmed. 417 So.2d 44 (La.App. 1st Cir.1982). Writs were granted by the Supreme Court on October 1, 1982, 420 So.2d 452, and our decision was reversed on June 26, 1984, 452 So.2d 685 (La.1984). The case was remanded to this Court for consideration of quantum.