LABORDE, Judge.
Plaintiff, Johnny Guillory, filed suit against defendant, Woolf & Magee, Inc. (Woolf & Magee) seeking damages for a back injury he suffered when he slipped and fell on an oil rig owned by Woolf & Magee. A trial on the merits was held and the trial court found that defendant was not negligent and that plaintiff’s injuries were caused solely by his own fault. Plaintiff now appeals claiming that Woolf and Magee’s negligence caused his injuries.
After reviewing the trial record and appellate briefs, we find no error in law or manifest error in fact. The trial court wrote a thorough “Memorandum Opinion.” We affirm the judgment below for the reasons assigned by the trial court and annex those reasons hereto. Costs of this appeal are taxed to plaintiff.
AFFIRMED.
APPENDIX
Johnny Guillory
Versus
Woolf and Magee, Inc.
36th Judicial District Court
State of Louisiana
Parish of Beauregard
No. C-83-21
MEMORANDUM OPINION
Plaintiff Johnny Guillory is suing for damages for personal injuries allegedly resulting from an accident that he sustained on or about January 12, 1982, while employed by Schlumberger Well Service in a *131 wireline crew working at a drilling rig owned by defendant Woolf and Magee, Inc. and located in the Longville area of Beauregard Parish. Mr. Guillory was descending some metal stairs which led from the floor of the rig to the ground and he slipped and fell, thereby injuring his back. In his petition Mr. Guillory alleged that “... he slipped and fell on an icy step on the stairway which had been bent prior to this occasion by falling pipe and other objects.” He further alleged that the accident was caused solely and proximately by the negligence of defendant in failing to properly maintain the rig; in failing to properly warn persons invited to work on the rig; and in failing to construct the steps out of non-skid materials.
Defendant denies any fault on its part and contends that the accident was caused solely and proximately by the negligence of Mr. Guillory in failing to maintain a proper lookout; in failing to take steps necessary to protect himself; and in failing to see what he should have seen and to do what he should have done under the circumstances. Alternatively, defendant alleges that plaintiff was guilty of contributory negligence.
The case was tried on January 27, 1987, slightly more than five years after the accident and the memories and recollections of those who testified about the incident and the facts and circumstances surrounding it were rather hazy and dimmed by the passage of time. While there really is no doubt that Mr. Guillory fell and was seen on the ground at the foot of the stairs, there is substantial conflict as to exactly when the accident occurred. Plaintiff testified at the trial that it happened at the break of day or just before daylight, and in a deposition given on April 21, 1983, he indicated it was even earlier. Two co-workers, Martin Fournier and R.A. Goodson, said the accident occurred later in the morning, well after daylight. In fact, Mr. Goodson said it was mid-morning, around 10:00 A.M., when plaintiff fell.
Also, there is some confusion as to whether the accident happened on January 12 or 13 and plaintiff and other witnesses seemed unsure as to when the Schlumber-ger wireline crew first arrived at the location. The Court has no reason to believe the witnesses were not trying to tell the truth as they remembered it, but the conflicting testimony and confusion is mentioned to indicate that their memories were substantially impaired because of the long period of time that had elapsed.
Although the exact time when the accident occurred is not clear from the evidence, it is more probable than not that Mr. Guillory fell in the early morning hours at or slightly before daybreak, and not long after a sudden ice storm hit the area and caused ice to form on the rig and the stairs. All witnesses agree that some ice accumulated during the late night or early morning hours.
The ice formation was sudden and unexpected. There is no evidence that an ice storm had been forecast for that night, that any warnings had been issued, or that there was any other reason for those at the rig to believe that such conditions might develop. From all accounts given at the trial, the ice storm was one of those sudden, unexpected and, for southwest Louisiana, unusual weather developments.
Plaintiff and his fellow employees at the rig were fully aware of the icy conditions prior to the accident. Mr. Goodson, who was in charge of the wireline crew, said that the sudden ice storm was such an unusual incident that the crew talked about it and even had a short safety meeting before proceeding further. However, they all agreed that the stairs could be used with the exercise of due care and caution.
Mr. Guillory testified he had gone up and down the stairs at least three or four times after the ice formed on them. He said he held the handrails tightly and took one step at a time and had no difficulty. Just prior to his fall plaintiff had gone up the stairs again to the doghouse to get a cup of coffee. At that time, according to Mr. Goodson, the wireline crew was on “hold” for some reason and the purpose of Mr. Guillory’s trip to the doghouse was to obtain a cup of coffee. The Court does not *132 believe that plaintiff made the trip to the rig floor at that time to perform any duties.
Mr. Guillory said he slipped and fell when he started down the stairs with a cup of coffee in his left hand. He said his foot slipped and he slid to the bottom of the stairs, landing on his buttocks.
On the evidence presented the Court finds that Mr. Guillory has failed to prove that the accident was caused by the fault or negligence of the defendant. There is no liability under Article 2317 of the Civil Code because the metal stairs did not have a vice or defect that caused plaintiff to fall. There was nothing about the stairs, their design, manufacture, construction, or inherent conditions, that created an unreasonable risk of harm to plaintiff. The stairs were sturdy and stable with proper and adequate handrails on both sides.
Ice on the stairs did not constitute a vice or defect. Numerous cases have held that the temporary presence of a foreign object or substance on a “thing” is not a defect for purposes of strict liability under Article 2817. See Mitchell vs. Travelers Insurance Company, 464 So.2d 404 (La.App. 1st Cir.1985) and cases cited therein.
Additionally, there can be no strict liability under Article 2322 of the Civil Code because the stairs were not in a state of ruin caused by a vice in construction or a neglect to repair.
The main thrust of plaintiffs case is that defendant failed to furnish him a reasonably safe place to work and was negligent in failing to remedy the hazard created by the icy conditions on the stairs. Plaintiff contends that defendant was negligent for failing to either promptly remove ice from the stairs or to put ashes, sand, salt or some appropriate substance on it.
An employer has an obligation to provide his employees with a working place and conditions which are reasonably safe considering the nature of the work. He must discover reasonably foreseeable conditions which may be dangerous, especially where there is time to correct the perilous condition or give warning to the employee of the danger. However, an owner/employer is not an insurer of the safety of those on his premises. Where strict liability is not applicable, an owner/employer is not liable in the absence of negligence.
In this case, on the evidence presented, and after considering all the relevant facts and circumstances, including societal concerns, this Court cannot conclude that defendant violated its duty to have reasonably safe premises or to furnish plaintiff a reasonably safe place to work. Defendant did not fail to do what a reasonable person (owner/employer) would have done under the same or similar circumstances.
Formation of ice on the rig and stairs occurred late at night and was sudden and unexpected. Obviously defendant was not able to prevent that from happening and the fact that it did happen was at least as apparent to plaintiff and his fellow workers as it was to representatives of the defendant.
As stated above, the Court finds that the accident happened not later than daybreak. The ice had been on the stairs for only a few hours at most, but plaintiff was fully aware of its presence and actually used the steps several times after the ice formed. Thus, defendant did not need to warn plaintiff of the presence of ice on the stairs because he already knew about it. Even with ice on the stairs, it is doubtful that they were unreasonably dangerous to a person who was fully aware of the situation and appreciated any danger posed by it.
No evidence was presented that it. is usual and customary that ashes, sand or salt are kept at or around drilling rigs in southwest Louisiana during winter months for use in dealing with icy conditions. Such conditions in this area occur very infrequently and none of the witnesses who had worked on or around drilling rigs had ever seen ashes, sand or salt utilized to deal with icy conditions at a rig.
The Court finds that Mr. Guillory’s accident and injuries were due solely to his failure to exercise due care for his own safety. He was fully aware of the condition of the stairs; he was not required to use the stairs when the accident occurred; *133 and the danger of descending the stairs with a cup of coffee in his hand was or should have been apparent to him. In short, he failed to act as a reasonable man in providing for his own safety and that failure caused his injury.
For the foregoing reasons, the plaintiffs demands will be rejected at his cost.
An appropriate decree, approved as to form by both counsel, should be submitted to the Court for signature not later than May 22, 1987.
DeRidder, Louisiana this 4 day of May, 1987.
(s) L.H. Coltharp, Jr.
DISTRICT JUDGE