417 So.2d 44 (1982)
Marie BROWN
v.
WINN-DIXIE LOUISIANA, INC.; and XYZ Insurance Company, Inc.
No. 14909.
Court of Appeal of Louisiana, First Circuit.
June 29, 1982.
Writ Granted October 1, 1982.
Herbert W. Barnes, Jr., Houma, for plaintiff and appellant.
*45 Robert L. Morris, Houma, for defendant and appellee.
Before ELLIS, PONDER and SAVOIE, JJ.
ELLIS, Judge:
In this case, plaintiff Marie Brown is suing for damages for personal injuries suffered when she slipped and fell while shopping in a Winn-Dixie food store. Defendant herein is Winn-Dixie Louisiana, Inc., owner of the store. After trial on the merits, judgment was rendered dismissing plaintiff's suit and she has appealed.
The record shows that plaintiff slipped and fell because of the presence of a number of grains of rice on the floor of the aisle. The presence of the rice was acknowledged by the store manager.
The record further reflects that the store was fully swept and mopped each morning before opening, but that there was no cleaning routine followed thereafter. Cleaning was done on an "as needed" basis, with all employees of the store responsible for keeping a lookout for spills or other hazardous conditions.
The store manager testified that he had walked through the aisle in which plaintiff fell, about ten or 15 minutes before the accident, and that the aisle was then clean and free from any rice spill.
The trial judge accepted this testimony and found that the existence of a cleaning routine was immaterial under the circumstances, since it was known that the spill occurred less than ten or 15 minutes before the accident, which was not a sufficient period of time to put the store on constructive notice thereof. He therefore dismissed plaintiff's suit.
The law is clear that once a person proves that he slipped and fell in a grocery store because of a foreign substance on the floor, of which he was unaware, the burden shifts to the store owner to exculpate himself from the presumption of negligence which has arisen. Generally the store owner attempts to show that there were periodic inspections conducted which would insure that the premises were free of foreign substances on the floor. Gonzales v. Winn-Dixie Louisiana, Inc., 326 So.2d 486 (La.1976).
In this case, however, no such periodic inspections were conducted. The store manager testified that all employees, including himself, were charged with the duty of maintaining a constant lookout for hazardous conditions, that clean-ups were conducted as necessitated thereby. This type of routine would not be sufficient to exculpate defendants from the presumption of negligence. However, if the store owner is able to show that the foreign substance had not been on the floor for a sufficient period of time to constitute constructive notice of its presence, he has discharged his burden of proof. Maryland v. Winn-Dixie, La., Inc., 393 So.2d 316 (La.App. 1st Cir. 1980), writ refused 398 So.2d 530 (La.1981). In this case, the store manager testified that he had traversed the aisle where the accident happened only 10 or 15 minutes before the time of the accident, and that he had observed no rice on the floor. Plaintiff attacks his testimony on a number of bases, including the difficulty of seeing rice on the speckled floor tiles and the manager's testimony that he was not specifically looking for rice on the floor. The manager did so testify, but he also stated that he was trained and accustomed to look for foreign substances on the floor, and that he would have seen the rice had it been present, although he was not specifically looking for it. We find no manifest error in the finding of the trial judge, based on the above testimony, that the aisle floor was free from foreign substances ten minutes before the accident, and agree that under the circumstances, defendant has exculpated itself from the presumption of negligence.
Plaintiff further contends that the presence of the rice on the floor renders the store premises defective and presents an unreasonable risk of harm to the public, rendering defendant liable under Article 2317 of the Civil Code.
In Jones v. City of Baton Rouge, Etc., 388 So.2d 737 (La.1980), the court said:
"In Loescher v. Parr, 324 So.2d 441, 446 (La.1976), we found that article 2317 provides *46 for the same type of `strict' liability on the part of an owner or custodian, for damages caused by things in his custody, and we described the legal foundation for this liability in the following terms:
`When harm results from the conduct or defect of a person or thing which creates an unreasonable risk of harm to others, a person legally responsible under these code articles for the supervision, care, or guardianship of the person or thing may be held liable for the damage thus caused, despite the fact that no personal negligent act or inattention on the former's part is proved. The liability arises from his legal relationship to the person or thing whose conduct or defect creates an unreasonable risk of injuries to others.'
"Because the responsibility for preventing the unreasonable risk of injury to others is unconditional, the injured party seeking damages under article 2317 need not prove that any particular act or omission on the part of the defendant caused his injuries. He must only prove that the thing which caused the damage was in the care or custody of the defendant, that the thing had a vice or defectthat is, that it occasioned an unreasonable risk of injury to anotherand that his injury was caused by the defect."
We cannot agree with plaintiff's contention. It is our opinion that the temporary presence of a foreign substance on the floor is not a defect within the meaning of the above quoted statement of the law. A defect is some flaw or fault existing or inherent in the thing itself. An otherwise flawless floor is not rendered defective because a foreign substance is spilled on its surface. We therefore find Article 2317 to be inapplicable to this situation.
The judgment appealed from is affirmed, at plaintiff's cost.
AFFIRMED.