452 So.2d 685 (1984)
Marie BROWN
v.
WINN-DIXIE LOUISIANA, INC. and XYZ Insurance Company.
No. 82-C-1892.
Supreme Court of Louisiana.
June 26, 1984.
Herbert W. Barnes, Samanie & Barnes, Houma, for applicant.
Robert L. Morris, Henderson, Hanemann & Morris, Houma, for respondents.
LEMMON, Justice.
This "is a slip and fall" case. The issue is whether a supermarket operator, after proof by plaintiff that a foreign substance on the floor of the store caused her to slip, fall and sustain injuries, presented proof which exculpated itself from liability.
*686 While shopping at defendant's supermarket, plaintiff slipped on rice in the aisle and fell to the floor. After the fall, the manager found rice scattered in a three-foot area to the right of the center of the eight-foot aisle. The aisle was covered by floor tiles, described as "speckled grayish-beige" in color.
According to defendant's evidence, the entire store was swept and mopped each morning before opening. Cleaning during the day was performed on an "as needed" basis. There were no periodic inspections for spills or other hazards, but all employees were instructed to be on the lookout for dangerous conditions.
On the day of the accident, the manager had walked down the particular aisle only 10 to 15 minutes before the fall and had not noticed any rice on the floor. While he admitted in testimony that the rice was not "very noticeable", he pointed out that he was trained to look for foreign substances on the floor and probably would have noticed the rice if the spill had already occurred at the time he passed.
The trial court dismissed the suit after a trial on the merits, concluding that the lack of periodic inspections was not a cause of the accident. Finding that there was no rice on the floor when the manager walked down the aisle 15 minutes before the accident, the court held that there was insufficient time between the spill and the accident to constitute constructive notice to the defendant of the foreign substance on the floor.
The court of appeal affirmed. 417 So.2d 44. Relying on Maryland v. Winn-Dixie La., Inc., 393 So.2d 316 (La.App. 1st Cir. 1980), cert. denied, 398 So.2d 530, the court held that defendant had proved the rice was not on the floor for a sufficient period of time to constitute constructive notice. The court also rejected plaintiff's contention that the rice on the floor rendered the premises defective and presented an unreasonable risk of harm to the public, thereby making defendant strictly liable under La. C.C. Art. 2317. The court reasoned that the temporary presence of a foreign substance on the floor of a supermarket is not a defect for which the operator would be held strictly liable and that an otherwise flawless floor is not rendered defective because a foreign substance is spilled on its surface. We granted certiorari to review the judgments of the lower courts. 420 So.2d 452.
Prior to Kavlich v. Kramer, 315 So.2d 282 (La.1975), and Gonzales v. Winn-Dixie Louisiana, Inc., 326 So.2d 486 (La.1976), a tort victim injured by a fall in a supermarket caused by a foreign substance on the floor could recover only by proving that the store operator or his employee caused the hazard, or that the operator had actual or constructive knowledge of the hazard and failed to take reasonable steps to remedy the condition. In Kavlich this court held that once the victim proves that the substance caused him to slip, fall and sustain injuries, the store operator has the burden of going forward with "evidence to exculpate itself from the presumption that it was negligent". Id. at 285. The court reasoned that the victim was in no position to know how the substance came to rest on the floor or to prove that the employees were negligent.
In Gonzales the court emphasized that fault was the basis for recovery in this type of case, but held that "the store owner has failed to exculpate itself from negligence". Id. at 489. The court in Gonzales recited a number of considerations in determining the reasonableness of protective measures utilized by store operators to avoid or minimize the risk of harm.[1]
The critical effect of the partial shifting of the evidentiary burden was the virtual elimination of proof of actual or constructive knowledge as an element of plaintiff's case. The spill of a foreign substance *687 onto the floor is caused either by a store employee or by a customer. Under the new evidentiary burden, the store operator is required to prove that his employees did not cause the hazard and that he exercised such a degree of care that he would have known under most circumstances of a hazard caused by customers. Implicit in the change of judicial attitude regarding constructive knowledge is the consideration that diligent protective measures by store operators will lead to the actual discovery of most hazards. Indeed, this consideration is the very basis for imposing the duty on the store operator to utilize adequate protective measures that lead to the actual discovery of dangerous conditions. The degree of vigilance, of course, must be commensurate with the risk involved, as determined by the overall volume of business, the time of day, the section of the store, and other such considerations.
The court of appeal in the present case held that although defendant did not prove the use of adequate protective measures as a basis for exculpating itself, defendant did prove that the substance had not been on the floor for a sufficient period of time to constitute constructive notice of its presence. The more appropriate inquiry is whether the store operator took reasonable steps to fulfill its twofold duty to discover and to correct dangerous conditions reasonably anticipated in its business activity.
One of the reasonably expected risks inherent in the operation of a large self-service supermarket is that an employee or a customer will cause a substance on display to fall or to spill onto the floor and thereby create a hazard to customers subsequently shopping in the area. Because of this, the operator has a high duty to discover unreasonably dangerous conditions existing on the premises and to take reasonable steps to prevent injury resulting from the condition. An operator who never conducts inspections is unlikely to discover unreported hazards. Under such circumstances, the lack of inspections and other preventive measures results in the failure to discover dangerous conditions and contributes substantially to the causation of the ensuing fall and injury.
In the present case, plaintiff proved the existence of a condition that presented an unreasonable risk of harm which resulted in her injury. Defendant proved only that the manager did not notice the rice in a three-foot area while walking in an eightfoot aisle with other things on his mind, 15 minutes before the fall. Defendant therefore failed to exculpate itself from liability for failing to discover the dangerous condition. Therefore, plaintiff is entitled to recovery of her damages.
For these reasons, the judgments of the lower courts are reversed, and the case is remanded to the court of appeal for the assessment of damages. All costs are to be assessed against defendant.
NOTES
[1] The court stated:

"The circumstances that determine the reasonableness of protective measures include the type and volume of merchandise, the type of display, the floor space utilized for customer service, the nature of customer service, and the volume of business." 326 So.2d at 488.