464 So.2d 404 (1985)
Robert Norwood MITCHELL, III
v.
TRAVELERS INSURANCE COMPANY.
No. CA 84 0067.
Court of Appeal of Louisiana, First Circuit.
February 26, 1985.
*405 Pete Lewis, New Orleans, for plaintiffappellant.
James R. Ryan, John A. Cvejanovich, New Orleans, for defendant-appellee.
Before GROVER L. COVINGTON, C.J., and LOTTINGER and JOHN S. COVINGTON, JJ.
LOTTINGER, Judge.
This is a "slip and fall" case in which the plaintiff, Robert Mitchell, sued the liability insurer for Sunflower Supermarket in Slidell, Louisiana for damages allegedly sustained when plaintiff slipped and fell while shopping in the supermarket. The issue before this court is whether the defendant, after proof by plaintiff that a foreign substance present on the floor of the store caused him to slip and fall, presented sufficient proof to exculpate itself from liability. In addition, we are to decide whether the presence of rice on the floor of a supermarket renders the premises of the supermarket defective for purposes of strict liability under La.Civ.Code art. 2317.
While shopping at the Sunflower Supermarket in Slidell, Louisiana, plaintiff slipped on some rice and fell to the floor, suffering injuries to his back. After the fall, the assistant manager of the store found a pile of rice approximately two feet from where plaintiff was sitting on the floor. The manager also found a punctured bag of rice on the shelf, from which the rice apparently had fallen. Plaintiff was taken away in an ambulance, and the rice was cleaned up by a store clerk.
The trial court dismissed plaintiff's suit after a trial on the merits, ultimately concluding that the defendant had exonerated itself of liability by establishing that regular inspections of the premises were conducted and the floors were regularly swept. Plaintiff appeals this judgment and attacks this conclusion by the trial court as erroneous.
The law is clear that once a person proves that he slipped and fell in a grocery store because of a foreign substance on the floor, the burden shifts to the store owner *406 to exculpate itself from the presumption of negligence which has arisen. Brown v. Winn-Dixie Louisiana, Inc., 452 So.2d 685 (La.1984).
In the present case, the assistant manager on duty at the time of the accident testified that the store is swept in its entirety at least three times during his nine hour shift. He further testified that the number of sweepings per shift is left up to the particular manager on duty at the time, and sometimes the store is swept five or six times per shift. He also testified that he walks and patrols the store as much as his job will permit. Specifically, he had walked down the aisle which was the site of the accident only fifteen minutes prior to the accident, and there was no rice on the floor.
The fact that the rice was not on the floor fifteen minutes prior to the accident, as observed by the assistant manager, does not, in and of itself, establish the use of adequate protective measures by the store. Brown v. Winn-Dixie Louisiana, Inc., supra. However, when considering this fact in addition to the regularity of the sweeping and the regular patrols, we conclude that the store owner took adequate protective measures to exculpate itself from liability.
Plaintiff also contends that the rice on the floor rendered the premises defective for purposes of strict liability. However, the temporary presence of a foreign substance is not, in and of itself, a defect for purposes of strict liability under La.Civ.Code art. 2317. McKinnie v. Department of Transportation and Development, 426 So.2d 344 (La.App. 2nd Cir.1983), writ denied 432 So.2d 266 (La.1983); Naylor v. Louisiana Department of Public Highways, 423 So.2d 674 (La.App. 1st Cir. 1982), writs denied 429 So.2d 127, 429 So.2d 134 (La.1983); Brown v. Winn-Dixie Louisiana, Inc., 417 So.2d 44 (La.App. 1st Cir.1982), rev'd on other grounds, 452 So.2d 685 (La.1984). The reasoning behind this rule is that the presence of the foreign substance does not create a vice or a defect inherent in the thing itself. As such, the presence of the rice on the floor of the supermarket did not render the store premises defective, and article 2317 is inapplicable.
Therefore, for the above and foregoing reasons, the judgment of the trial court is affirmed at plaintiff-appellant's costs.
AFFIRMED.