488 So.2d 1318 (1986)
Marjorie BATISTE, Plaintiff-Appellant,
v.
JOYCE'S SUPERMARKET, et al, Defendants-Appellees.
No. 85-491.
Court of Appeal of Louisiana, Third Circuit.
May 14, 1986.
Domengeaux & Wright, Bennett Boyd Anderson, Lafayette, for plaintiff-appellant.
Gibbens & Blackwell, John Blackwell and Dennis Stevens, Lafayette, for defendants-appellees.
*1319 Before DOUCET and LABORDE, JJ., and BOND[*], Judge Pro Tem.
LABORDE, Judge.
Marjorie Batiste, plaintiff-appellant, slipped and fell on the floor of Joyce's Supermarket in St. Martinville, Louisiana. Plaintiff sought to redress her injuries by suing Lowell and Joyce Gauthier d/b/a Joyce's Supermarket, South Gate Super Center, and their insurer, United States Fidelity and Guaranty Company, defendants-appellees.
The matter was tried before a jury which returned a verdict in favor of plaintiff in the amount of $75,000.00. The jury further found plaintiff guilty of substandard conduct which proximately caused her own damages in the amount of 50%. The trial court rendered judgment upholding the jury's factual findings and awarded plaintiff $37,500.00 plus interest and costs. The trial court rejected plaintiff's post trial motions for judgment notwithstanding the verdict, new trial, and additur. Plaintiff perfected a devolutive appeal assigning and briefing four errors allegedly committed by the trial judge. We find one of the assignments convincing and amend the judgment of the trial court accordingly.

FACTS
On December 6, 1982, Marjorie Batiste and two of her relatives went shopping at Joyce's Supermarket. The group separated upon entering. Plaintiff obtained a grocery basket and started accumulating various items at the self-service supermarket. Plaintiff had shopped at the store on numerous occasions and was familiar with its layout. After fifteen to twenty (15-20) minutes, plaintiff arrived at the frozen food section. Cartons of eggs were stacked in the aisle up against the freezer box. She turned from her basket, took several steps, and selected a loaf of garlic bread. With bread in hand, Ms. Batiste took "at least a couple of steps" back toward the basket. Plaintiff slipped at this point. In an effort to arrest her fall, plaintiff reached for containers of fruit juices on a rack in the aisle. Plaintiff stated that she did not know what, if anything, she had knocked over during the fall. When plaintiff observed the floor from her position after the fall, i.e., sitting, only broken eggs could be identified. Egg was also found on plaintiff's shoes and pants.
The fall was witnessed by plaintiff alone; however, several witnesses testified as to the condition of the floor immediately after the fall. Each witness noted the existence of some egg(s), in varying quantities, on the floor. One of plaintiff's witnesses, Mr. Leonard Wiltz, noted that portions of the egg debris on the floor had already dried.
Ms. Batiste was attended to by medical professionals at Our Lady of Lourdes Hospital emergency room. She subsequently underwent successful back surgery. Her doctor, Louis Blanda, assigned a ten (10%) percent impairment of function of the entire body as a result of the injury. Dr. Blanda further suggested that plaintiff refrain from performing any tasks which would require repetitive stooping, bending, or lifting of weights in excess of 25-30 pounds. Ms. Batiste, thirty-four (34) years old at the time of the incident, had been employed as a sitter for an elderly invalid before the accident. Plaintiff has remained unemployed since her slip and fall.

ASSIGNMENTS OF ERROR NUMBERS ONE AND THREE
We will consider plaintiff's assignments of error numbers one and three together as each is concerned with findings of liability. The trial court erred, plaintiff asserts, in failing to grant plaintiff's motion for directed verdict on the issue of liability. Plaintiff further asserts that the jury was manifestly erroneous in finding plaintiff fifty (50%) percent concurrently negligent in causing her own fall.
Appellant attempts to show defendants' store presented an unreasonable risk of *1320 harm to plaintiff, and that after the risk was established, defendant failed to exculpate itself from liability. For this position, appellant relies on Brown v. Winn-Dixie Louisiana, Inc., 452 So.2d 685, 687 (La. 1984), which reasoned:
"One of the reasonably expected risks inherent in the operation of a large self-service supermarket is that an employee or a customer will cause a substance on display to fall or to spill onto the floor and thereby create a hazard to customers subsequently shopping in the area. Because of this, the operator has a high duty to discover unreasonably dangerous conditions existing on the premises and to take reasonable steps to prevent injury resulting from the condition. An operator who never conducts inspections is unlikely to discover unreported hazards. Under such circumstances, the lack of inspections and other preventive measures results in the failure to discover dangerous conditions and contributes substantially to the causation of the ensuing fall and injury."
Plaintiff moved for a directed verdict on the liability issue pursuant to La.C.C.P. art. 1810. Under this article, the trial court may conclude litigation (in a jury trial) if the facts and inferences are so overwhelmingly in favor of the moving party that the court believes that reasonable men could not arrive at a contrary verdict. We have considered all of the evidencenot just that evidence which supports the non-mover's casebut in the light and with all reasonable inferences most favorable to the party opposed to the motion. Courtney v. Winn-Dixie Louisiana, Inc., 447 So.2d 504, 507 (La.App. 5th Cir.), writ denied, 449 So.2d 1359 (La.1984). Reasonable and fair minded jurors, upon considering the evidence presented by both parties, may well have arrived at contrary conclusions as to liability. It would have been reasonable for a juror to find that plaintiff failed to prove that an unreasonably dangerous condition existed on defendants' premises. The jury could have found that plaintiff herself broke the eggs on the floor and subsequently fell as a result of her own exclusive negligence. The trial court applied the appropriate high standard and properly denied plaintiff's motion for directed verdict.
A trier's finding, as to percentage of fault under La.C.C. art. 2323, is factual. In the absence of clear or manifest error or an abuse of discretion, the fact findings must be upheld on appeal. Triangle Trucking Company v. Alexander, 451 So.2d 638 (La.App.3d Cir.1984). The proper determination and apportionment of fault is not based on the comparison of legal causation, but upon the degree of negligence attributable to the parties involved. Id. at 641. See also Pearson, Apportionment of Losses Under Comparative Fault LawsAn Analysis of the Alternatives, 40 La.L.Rev. 343 (1980).
The special verdict clearly indicates that the jury found that a foreign substance (egg) on the floor of Joyce's Supermarket created a hazard to customers shopping in the area. The record supports this finding. The special verdict also indicates that the jury found that plaintiff also acted negligently in not seeing that which should be observable. We glean from this finding that the jury accepted Mr. Clarence Hypolite Jr. and Mr. Leonard Wiltz's, testimony regarding the relatively large number of broken eggs. Their testimony establishes that there were several broken eggs covering an area of one to two feet. The witnesses noted that the eggs were evident from several feet away. We infer that the witnesses were directing their attention to the fallen lady on the floor. Their vision would obviously be drawn to the floor where the eggs were manifest. When Ms. Batiste walked down the aisle, no one was sitting on the floor. Her eyes were not directed toward the eggs. Her testimony indicates that she had just picked up some garlic bread, turned around and started to walk when she slipped and fell. She was certain that she had not seen anything on the floor before she fell. Ms. Batiste did not specifically mention where her eyes were focused the instant of the slip.
*1321 Appellee, validating the jury's finding, argues that "plaintiff is not entitled to be absolved of contributory negligence for failing to see whatever caused her to fall unless she first established she was distracted at the time of the accident. Absent proof of having been distracted, she is not to be relieved of the consequence of her own unreasonable action." Appellee, understandably, cites no authority for this proposition. Appellee cannot seriously suggest that it is unreasonable for a shopper to walk down an aisle. Nor can a consumer be blamed for not being aware of his distraction in a store. A patron's attention is subtly seduced by merchandise packaged by skilled advertisers who are paid to distract customers subliminally.
The jury's finding that a foreign substance (egg) caused plaintiff to slip and fall is reasonable, and it will not be disturbed on appeal. Once plaintiff proves that a foreign substance caused the fall and injury, the presumption arises that the fall was caused by the store owner's negligence. The burden then shifts to the defendant to exculpate himself from liability. Brown v. Winn-Dixie Louisiana, Inc., 452 So. 685 (La.1984); Gonzales v. Winn-Dixie Louisiana, Inc., 326 So.2d 486 (La.1976); Kavlich v. Kramer, 315 So.2d 282 (La. 1975). The store operator is required to prove that his employees did not cause the hazard and that he exercised such a degree of care that he would have known under most circumstances of a hazard caused by customers. Diligent protective measures by store operators will lead to the actual discovery of most hazards. The degree of vigilance, of course, must be commensurate with the risk involved, as determined by the overall volume of business, the time of day, the section of the store, and other such considerations. Brown, supra at 687.
The record shows that Joyce's Supermarket is a large self-service grocery store which had once been a Winn-Dixie store. The cleaning procedure at Joyce's Supermarket consisted of dust-mopping twice a day, wet-mopping occasionally in the morning and floor-machine cleaning at night. All employees are instructed to be alert to spills and to clean the floor when spills are noticed. No other floor inspection or cleaning routine is incorporated. These protective measures are similar to the ones described in Brown, supra, where our Supreme Court held that the defendant store had failed to exculpate itself from liability for failing to discover the dangerous condition. Likewise, in this case, the operators of Joyce's Supermarket have failed to exculpate themselves from liability.
The record does not support the jury's finding of concurrent negligence on the part of Ms. Batiste. Her behavior comported with that of a typical browsing patron of a food store and was in no way unreasonable. The record does support and our jurisprudence demands our affirmance of the jury's finding of liability on behalf of the operators of Joyce's Supermarket. See Dulaney v. Travelers Ins. Co., 434 So.2d 578 (La.App. 1st Cir.1983), for a fine discussion of comparative negligence in slip and fall cases. It was manifestly erroneous for the jury to find Ms. Batiste fifty (50%) percent negligent in causing her injuries. We find plaintiff guilty of 0% negligence. We reverse the portion of the trial court judgment which reduced the total award granted by the jury by one-half, and reinstate the full award of the jury, $75,000.00

ASSIGNMENT OF ERROR NUMBER TWO
Appellant raises a novel but unconvincing argument that the trial court prejudiced plaintiff's cause by not naming all defendants on the jury verdict form. Plaintiff originally mistakenly sued Joyce's Supermarket and its insurer, United States Fidelity and Guaranty Company (USF & G). Subsequently, upon learning that Joyce's Supermarket was an unincorporated entity, plaintiff amended her petition, naming as defendants Lowell and Joyce Gauthier, d/b/a Joyce's Supermarket, South Gate Super Center, and USF & G.
The jury verdict form in pertinent part reads:
*1322
"1. Were defendants, Lowell and Joyce Gauthier,
 guilty of substandard conduct which proximate
 [sic] caused plaintiff's damages?
 Yes X 
 No _____
 2. If your answer to Question 1 is `yes', what is the
 degree of defendants, Lowell and Joyce
 Gauthier's fault, expressed in a percentage?
 50% "
Counsel for plaintiff timely objected to the jury verdict form submitted to the jury in this case. Plaintiff's counsel was concerned that the jury may be confused as to which parties are actual defendants in the matter as a result of the plaintiff's confusion over the legal status of Joyce's Supermarket. On appeal, appellant argues that by not naming each defendant on the verdict form, the jury took sympathy on the hometown defendants and thus awarded inadequate damages to plaintiff.
For reasons expressed later in this opinion, we find that the award of $75,000 is not inadequate; therefore, there is no showing that the jury was unduly sympathetically disposed toward Lowell and Joyce Gauthier. The omission is at best a harmless error. Further, it would be unreasonable to suggest that the jurors were unaware of the insured-insurer relationship between Lowell and Joyce Gauthier, d/b/a Joyce's Supermarket/South Gate Super Center and USF & G. Reference was made to this relationship at every opportunity during the trial, including plaintiff's opening statement, closing argument, and upon plaintiff's offer of the policy into evidence. Moreover, plaintiff made no showing whatsoever to suggest possible "substandard conduct" on behalf of South Gate Super Center or USF & G which "proximately caused plaintiff's damages." The trial court properly overruled plaintiff's objection to the form of the special verdict.

ASSIGNMENT OF ERROR NUMBER FOUR
Appellant asserts in this final assignment that the jury's finding of total damages in the amount of $75,000.00 is manifestly erroneous. We disagree.
Ms. Batiste, a thirty-four year old invalid sitter at the time of the accident, received prompt medical attention after the slip and fall. She was eventually diagnosed as having suffered a ruptured disc. Her physician, Dr. Louis Blanda, contemplated treating the problem with a chymopapain injection, but Ms. Batiste's preexisting allergies made her a poor risk candidate and the chymopapain injection therapy was abandoned. Subsequently, plaintiff underwent a laminectomy at lumbar 4-5 and has enjoyed excellent results from the surgery. She experiences pain upon over-exertion, but can ordinarily function well.
Plaintiff's own physician, in his deposition, assigned a 10% impairment of function as a result of the back injury. He recommended that plaintiff abstain from repetitive stooping, bending, or lifting weights in excess of 25 to 30 pounds. Dr. James McDaniel testified that plaintiff sustained a 10% anatomical impairment. He noted that plaintiff may not be functionally impaired at all as a result of her injury. He also stated that her recovery allowed her to engage in her pre-accident employment of sitting for the elderly.
Appellant complains that $75,000.00 is below the minimum reasonable damage award under these circumstances. Plaintiff introduced medical specials totalling $17,055.08, leaving approximately $58,000.00 for general damages. Before an appellate court can disturb an award made by a trial court, the record must clearly reveal that the trier of fact abused its discretion in making its award. Borden, Inc. v. Howard Trucking Co., Inc., 454 So.2d 1081 (La.1984); Coco v. Winston Industries, Inc., 341 So.2d 332 (La.1976). The trier of fact is vested with much discretion in assessing damages which are insusceptible of precise measurement. La.C.C. art. 1999.
The record supports the jury's findings. Under these circumstances, the jury was free to accept the competing testimony *1323 offered by defendants with regard to plaintiff's functional impairment. Further, the jury could reasonably have found that plaintiff suffered little or no impairment of earning capacity. Plaintiff certainly suffered severe pain, and will have some future difficulty, but the jury award justly compensated her for her damages.
For the above and foregoing reasons, the finding of the jury is reversed on the issue of plaintiff's concurrent negligence. The judgment of the trial court is amended to reflect the full award of damages as found by the jury, to wit, $75,000.00. The remainder of the trial court judgment is affirmed. Costs of this appeal are taxed to defendants.
REVERSED IN PART; AMENDED; AND AFFIRMED AS AMENDED.
NOTES
[*] Judge W. Ellis Bond of the Fourteenth Judicial District Court participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.