GAUDIN, Judge.
This is a slip and fall tort proceeding. A 12-person jury in the 24th Judicial District Court found for the defendant department store but the trial judge granted plaintiffs motion for a judgment notwithstanding the verdict, thereby finding the department store responsible for petitioner’s injuries.
On appeal, the defendant-appellant, K-Mart Department Store No. 7386, argues that the trial judge was wrong in setting aside the jury verdict. Specifically, K-Mart contends (1) that it met its burden of proof before and after McCardie v. Wal-Mart Stores, Inc., 511 So.2d 1134 (La.1987), (2) that the trial judge misinterpreted McCardie, (3) that the trial judge erred in retroactively applying his interpretation of McCardie and (4) that the trial judge should have allowed defense evidence impeaching the credibility of the plaintiff, Charlie Hall.
For the following reasons, we set aside the finding of K-Mart’s fault and we remand to the district court for a new jury trial.
Hall allegedly fell on January 9, 1985 in the K-Mart store after stepping on a white substance identified as Noxema cream. The jury, which heard the case from June 22 to 29,1987, found K-Mart not negligent.
In response to Hall’s motion for judgment notwithstanding the adverse jury verdict and/or a new trial, the district judge ruled that K-Mart was negligent and granted a new trial only on the issues of damages and the determination of the percentage of Hall’s fault, if any. K-Mart appealed.
McCardie was rendered by the Supreme Court of Louisiana on September 9, 1987. The Court held that in a slip and fall situation, a department store cannot merely prove that it had adequate cleanup procedures. The store must show, in addition, that none of its employees caused the spill. Three justices dissented.
How does a department store prove that none of its employees caused the spill? McCardie does not imply that all employees must be called as witnesses. The McCardie opinion said only that many of the Wal-Mart employees who could have caused the spill were not asked to testify.
The trial judge in Hall, the case now before us, stated:
“... the McCardie case requires a defendant, in a slip and fall case, to produce virtually every employee in the facility to testify that none of them caused the spill.
“The defendant produced some, but not all, of its employees to exculpate itself but the Court finds this proof insufficient.”
During the instant trial, three K-Mart employees were called as witnesses, the store’s assistant manager (Lester James), a security person (Tim Tardo) and a salesman (Joseph Baudoin) working in the appliance department on January 9, 1985. Hall fell, he said, in aisle No. 5, near the records and tapes section. He had just picked up a Paul McCartney tape he intended to purchase and was walking toward its front of the store when he slipped.
*529 K-Mart does not agree with the trial judge’s reliance on McCardie. Appellant feels it met its burden of proof as spelled out in Brown v. Winn Dixie Louisiana, Inc., 452 So.2d 685 (La.1984), which does not require a defendant store to produce virtually every employee who may have caused a spill. In a unique time sequence, McCardie was handed down three months after Hall’s claim was tried before a jury in district court but, obviously, before the trial judge’s ruling on Hall’s post-trial motion.
On the other hand, Hall contends that even under Brown, K-Mart did not meet its burden of proof. K-Mart kept no logs, there were no regular inspections and there were no periodic safety sweeps. James, Tardo and Baudoin, however, did testify about the responsibility placed on K-Mart employees to keep aisles free from hazardous substances.
Hall’s argument has merit, as does K-Mart’s contention that McCardie establishes new burden of proof standards for department store defendants to contend with. K-Mart was unfairly prejudiced, it believes, because it was not given the procedural opportunity to summon additional employees in an attempt to meet the McCardie test and exculpate itself.
In any event, we now have before us a finding of fact by the jury — i.e., that K-Mart was not negligent — and a directly conflicting finding of the same fact by the McCardie-citing trial judge. This conflict, in our opinion, is best resolved by a new trial.
A new trial, according to LSA-C.C.P. art. 1973, may be granted in any case if there are good grounds therefor. The trial judge’s judgment of November 19, 1987 provided for a new trial on the issues of damages and the determination of the percentage of plaintiff’s fault. We amend this judgment to include the issue of K-Mart’s negligence. Each party is to bear its own costs of this appeal.
AMENDED AND REMANDED.