GUIDRY, Judge.
Plaintiff appeals a decision by the trial court dismissing, with prejudice and at her cost, her suit for damages allegedly sustained when she slipped and fell in defendant’s store. We reverse.
The facts in this case are not in serious dispute. Plaintiff, Melinda Bonnette, and her father, Carlton Lachney, entered the Wal-Mart store in Bunkie, Louisiana, at approximately 5:00 p.m., Monday, June 16, 1986, to shop. As plaintiff, who was preceded by her father, walked through the pet department towards the cosmetics department, she slipped on a piece of cardboard, approximately five to six inches wide by eight to nine inches long. She fell to the floor and injured her lower back. No one witnessed the accident.
The principal issue on appeal is whether the defendant, Wal-Mart Stores, Inc., presented sufficient proof to exculpate itself from liability under the well established standard, in slip and fall cases, which was reiterated by the Louisiana Supreme Court in McCardie v. Wal-Mart Stores, Inc., 511 So.2d 1134 (La.1987).[1]
In McCardie, supra, the court stated:
“In Kavlich v. Kramer, 315 So.2d 282 (La.1975), this court held that after a plaintiff proves there was a foreign substance on a store’s floor (the floor of a self-service convenience store) that caused the plaintiff to fall and sustain an injury, the burden of proof shifts to the owner of the store to exculpate itself from the presumption that it was negligent. The result of this shift in the burden of proof is to relieve the plaintiff of his burden to show the defendant’s actual or constructive knowledge of the spill. Brown v. Winn-Dixie Louisiana, Inc., 452 So.2d 685 (La.1984).
In Brown, supra at 687, this court held: ‘Under the new evidentiary burden, the store operator is required to prove that his employees did not cause the hazard and that he exercised such a degree of care that he would have known under most circumstances of a hazard caused by customers.’ ”
The trial judge in the instant case stated, in his oral reasons for judgment, that he believed the testimony of plaintiff and her father, i.e., that plaintiff slipped and fell on a piece of cardboard in the Wal-Mart aisle. We can find no clear error in that conclusion.
*829 Once the foregoing was established, the burden of proof shifted to Wal-Mart to prove that its employees were not responsible for the cardboard being on the aisle floor and that the store policies and procedures were such that, under most circumstances, if a customer was responsible, defendant would have known of the hazard and remedied it.
The managers of the pet and cosmetics departments and the assistant store manager testified on behalf of Wal-Mart. They established that normally stock is delivered to a rear area of the store near 7:00 a.m. each morning by a Wal-Mart truck. The merchandise is then unloaded, unpacked and placed in shopping carts. The various department managers stock their departments from the shopping carts. Routinely, all stocking is completed before lunch and rarely is any stocking done after 4:00 p.m.. It was further established that on the day of the accident the cosmetics department, but not the pet department, received stock, and that all stocking was completed before lunch. Additionally, the assistant store manager testified that following the accident he inspected the area around the spot where plaintiff fell. He found that no stocking was taking place. Further, he stated that he was unable to determine the source of the cardboard.
As to clean-up policies and procedures, it was established that each department manager is responsible for the neatness and cleanliness of his or her department. This responsibility included frequent checks of the department during the day and a final check before leaving in the evening. Additionally, the entire store was cheeked for spills, trash, rubbish, litter, debris and any other unsafe condition four times daily (between the following hours: 10:00 a.m. to 11:00 a.m., 1:00 to 2:00, 4:00 to 5:00 and 7:00 to 8:00 p.m.) as part of the store’s “Safety Sweep” program. The cosmetics department manager testified that even though the Safety Sweep record card does not show that a sweep was done between 4:00 and 5:00 p.m., June 16, 1986, she remembers the employee assigned the task going through her department just before she left, at approximately 4:15 p.m.
Based upon the stocking practices and clean-up procedures established by the testimony of the Wal-Mart employees, the trial court found that defendant had sustained its burden of proof under McCardie, supra, and dismissed plaintiff’s suit at her costs. Although we can find no clear error in the trial court’s conclusion regarding the adequacy of defendant’s clean-up procedures, we disagree that the evidence was sufficient to discharge Wal-Mart’s burden of establishing that its employees did not cause the hazard.
In McCardie, supra, at page 1136, the Supreme Court went on to state:
“Although Wal-Mart described in detail its safety procedures ..., the defendant failed to prove that none of its employees caused the spill. Many of the employees who could have caused the spill were not asked to testify. Merely proving adequate clean up procedures is insufficient to prove a spill was not caused by one of the store’s own employees.”
Presumably, the learned trial judge concluded that the unrebutted testimony of defendant’s witnesses regarding Wal-Mart’s stocking practices was sufficient to establish that its own employees were not responsible for the hazard. We cannot agree with this conclusion.
In the case at bar, neither department manager who testified was on duty at the time of the accident. Both had worked the 7:00 a.m. to 4:00 p.m. shift and had been gone from the store for approximately one hour before plaintiff slipped and fell. The assistant store manager, who was on duty at the time of the accident, testified that he was in his office at the rear of the store when plaintiff fell. None of the employees who were on duty in the pet and cosmetics departments at the time of the incident were called to testify. Neither was any employee assigned or involved in the Safety Sweep program called. Therefore, it is clear that the defendant’s employees who could, more likely, have been responsible for the presence of the cardboard in the *830 aislé were not asked to testify. The record indicates that, although stocking of the departments was usually completed before noon, on occasion merchandise was stocked in the afternoons when shortages on the shelves occurred. Additionally, although stocking of the shelves prior to the accident might plausibly explain the presence of a piece of cardboard in the aisle, it was not the only plausible source.
In McCardie, supra, the department manager in which the fall occurred, the manager of the ethnic counter alongside the aisle where Ms. McCardie fell, the manager of the houseware and chemical department and the store’s assistant manager, who were all on duty and in the area of the fall shortly before the incident, were called and testified at trial that they observed no liquid on the floor until after the accident. Comparing the quality and the quantity of the evidence in the two cases, it is obvious that the trial judge was clearly wrong in holding that defendant in the case at bar carried its burden under McCardie, supra.
Considering our finding of trial court error in the dismissal of plaintiff’s demand and since the record is complete, we will proceed to a calculation of the damages to which plaintiff is entitled. Gonzales v. Xerox Corp., 320 So.2d 163 (La.1975).
The parties stipulated that plaintiff had incurred a total of $1,582.96 in medical expenses.
Plaintiff claims that she is entitled to an award for lost wages. She introduced no documentation to support her claim. The only evidence in this area consists of her self-serving testimony that she worked part-time in her father’s used furniture store for a three week period immediately prior to the accident. She had no work history prior to this alleged employment and has not sought employment since the accident. Although plaintiff’s parents corroborated her testimony, we reject her claim for lack of sufficient proof.
The record contains the deposition testimony of Dr. Bryan McCann, a general practitioner, plaintiff’s treating physician, and Dr. Ray Beurlot, Jr., an orthopedic surgeon, who examined plaintiff at defendant’s request. Both physicians agreed that plaintiff probably suffered a low back strain or sprain. Dr. Beurlot specifically referred to plaintiff’s injury as chronic back syndrome and explained the term thusly:
“It really just describes someone who is complaining of the discomfort, but you don’t know why. You can’t specifically state it is a disc; you can’t specifically state is [sic] is postural or anything. It’s just they have the compaints [sic] and at that point in time you are unable to explain the source of them.”
Neither physician was able to pin-point any objective symptom or sign of injury nor was either of the opinion that she sustained any permanent disability.
Plaintiff was never hospitalized; she took no physical therapy; and, she was not subjected to any diagnostic tests. Her complaints were limited to back pain and sleeplessness, both of which were relieved by medication. She stated that she moved in with her parents for approximately one month after the accident, but then returned to her own house.
Considering the testimony, both lay and medical, concerning the extent of plaintiff’s injury, we find $3,500.00 to be an adequate general damage award.
Accordingly, for the reasons stated, the judgment of the trial court is reversed. Judgment is entered in favor of plaintiff, Melinda Bonnette, and against defendant, Wal-Mart Stores, Inc., in the amount of Five Thousand Eighty-Two and 96/100 ($5,082.96) doliars, plus legal interest from date of judicial demand until paid. Defendant-appellee, Wal-Mart Stores, Inc., is cast for all costs at both the trial and appellate levels.
REVERSED AND RENDERED.

. We note that La.R.S. 9:2800.6, adopted by Act 714 of 1988, modifies the burden of proof set forth in McCardie, but that act is inapplicable to this case.