|1FELICIA TONEY WILLIAMS, Justice Pro Tem.*
This ease arises from a slip and fall accident which occurred at a K-Mart on April 20, 1989. The burdens of proof on plaintiff and defendant are therefore governed by the 1988 version of LSA-R.S. 9:2800.6.[1] The issue presented for our review is whether, under LSA-R.S. 9:2800.6, K-Mart carried its burden of proving it acted in a reasonably prudent manner in exercising its duty to keep its premises free of any hazardous conditions.
FACTS
On the afternoon of April 20, 1989, Judy Duckett was shopping at K-Mart when she slipped and fell and sustained various injuries. At the jury trial held on October 16, *622 1991, she testified that she slipped and fell while shopping in the health and beauty aids area of the store. She claimed there was a grey spot on the floor in the area where she slipped, and that the spot was approximately twelve inches around. Duckett testified that she knows what wax build-up looks like, and the spot which caused her fall looked like wax build-up. A customer who witnessed plaintiffs fall confirmed the existence of the wax build-up, as she was also familiar with its appearance.
K-Mart presented only one witness, Christopher Collins, who was K-Mart’s personnel manager at the time of trial. On the date of Duckett’s accident, Collins was the manager of the home electronics department, but he was not at work. Additionally, he did not interview the author of the accident report, who was later fired for falsifying payroll records. Collins testified |2the floors were supposed to be cleaned and waxed regularly by a concern named Good and Clean, which was subsequently fired for sloppy work. Good and Clean cleaned and waxed the floors at night after closing, or in the morning before the store opened. Collins acknowledged the store manager was supposed to perform a walk-through inspection of the store every morning prior to opening. Additionally, the daily routine of every employee included watching for anything hazardous on the floor or counters and removing any such hazards once they were recognized. After deliberation, the jury affirmatively answered interrogatories establishing that: (1) Duckett sustained an accident in K-Mart’s store on April 20, 1989, (2) a hazardous condition existed in the store on that date, (3) her accident was caused by the hazardous condition and, (4) K-Mart acted in a reasonably prudent manner to keep the premises free from any hazardous condition on April 20, 1989. In conformity with the jury verdict, the trial court dismissed plaintiffs suit at her cost.
Duckett appealed only the jury’s finding that K-Mart acted in a reasonably prudent manner. She argued that K-Mart failed to prove it did not create the hazardous condition; thus, it failed to carry its burden of proof. The court of appeal affirmed on the basis of the partial record designated by plaintiff, finding the record insufficient to support a manifest error ruling.[2] Upon plaintiffs application to this Court, we granted writ of certiorari and remanded to the court of appeal to render a decision on the basis of the entire record.[3] Again, the court of appeal affirmed, finding the jury could reasonably have concluded from the testimony that K-Mart carried its burden of proving that it acted in a reasonably prudent manner to keep the premises free from hazardous conditions.[4] On Duckett’s application, we granted writ of certiorari[5] to review the correctness of that decision. For the reasons which follow, we reverse.
LAW
The liability of a merchant for injuries sustained by a person while on the premises of the merchant is governed by LSA-R.S. 9:2800.6. At the time of plaintiffs injury, that statute |3provided:
A. A merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage.
B. In a suit for damages by a person who has suffered damages as the result of a hazardous condition while on the merchant’s premises, the person must prove that the accident was caused by a hazardous condition. The burden of proof then shifts to the merchant to prove that he acted in a reasonably prudent manner in exercising the duty of care he owed to the person to keep the premises free of any hazardous conditions.
C. In exculpating himself from liability under this Subsection, the merchant need *623 not introduce the testimony of every employee of the merchant or any particular proportion thereof, but is only required to introduce the testimony of any employee shown to have actually created the hazardous condition and those employees and management personnel whose job responsibilities included inspection or cleanup of the area where the accident giving rise to the damages occurred.
D. “Merchant” means one whose business is to sell goods, foods, wares, or merchandise at a fixed place of business.
The evidence presented by plaintiff established that her accident was caused by a hazardous condition, namely, the wax buildup on K-Mart’s floor. She therefore carried her burden of proof under 9:2800.6(B). Thereafter, the burden of proof[6] shifted to K-Mart to exculpate itself from liability by showing it acted in a reasonably prudent manner in exercising the duty of care it owed to Duckett to keep the premises free of any hazardous conditions. LSA-R.S. 9:2800.6(B).
Under Section C of the statute, K-Mart was required to present testimony from “employees and management personnel whose job responsibilities included inspection or cleanup of the area where the accident giving rise to the damages occurred.” K-Mart did not do this. The only employee who testified at trial was Christopher Collins. Collins was not present at the |4K-Mart store on the date of the accident. Therefore, although he could testify regarding K-Mart’s regular safety and cleanup procedures, he had no personal knowledge of whether those procedures were adequately observed in the health and beauty aids department on the date of Duckett’s accident. In fact, he testified that he worked in the home electronics department.
Furthermore, even if K-Mart had presented witnesses who could establish that its customary procedures were followed on the date of Duckett’s accident, it could not have exculpated itself from liability on the basis of those procedures. In addition to the fact that Collins had no personal knowledge of the cleanup procedures followed in the health and beauty aids department on the date of Duckett’s accident, his testimony regarding K-Mart’s procedures was too vague to satisfy the preponderance of the evidence test on the issue of reasonable prudence. In Brown v. Winn-Dixie Louisiana, Inc., 452 So.2d 685 (La.1984), the evidence established procedures almost identical to those described by Collins in this case. The entire store was swept and mopped each morning before opening, and cleaning during the day was performed on an “as needed” basis. There were no periodic inspections for spills or other hazards, but all employees were instructed to be on the lookout for dangerous conditions. We held in that case that Winn-Dixie failed to exculpate itself from liability because it proved only that the manager did not notice the rice in a three-foot area while walking in an eight-foot aisle with other things on his mind, fifteen minutes before the fall. 452 So.2d at 687.
In the instant case, plaintiffs accident occurred sometime around 3:30 in the afternoon, thus the wax build-up had been on the floor for at least several hours, i.e., at least since that morning. Accordingly, K-Mart failed to prove that it acted in a reasonably prudent manner to keep the premises 'free from any hazardous condition on the date of Duckett’s accident. The jury was clearly wrong in finding K-Mart had carried its burden of proof.
*624 DECREE
The judgment of the court of appeal is reversed, and this case is remanded to the court of appeal for an assessment of quantum.
LEMMON, J., concurs and will assign reasons.

 Judge Felicia Toney Williams, Court of Appeal, Second Circuit, participated as Associate Justice Pro Tempore (effective September 1, 1994). Judge William Norris, III, Court of Appeal, Second Circuit, sitting by assignment in place of Justice James L. Dennis in cases argued on September 6-8 and 12, 1994, was the judge not on panel for this case. See Rule IV, Part 2, sec. 3.

. The statute was amended in 1990. The 1990 version applies only to causes of action arising on or after September 1, 1990.

. 92-0385 (La.App. 5th Cir. 12/16/92); 610 So.2d 289 (table).

. 94-0579 (La. 5/14/93); 619 So.2d 37.

. 92-0385 (La.App. 5th Cir. 2/09/94); — So.2d - (table).

. 637 So.2d 1058.

. In Matthews v. Schwegmann Giant Supermarkets Inc., 559 So.2d 488 (La.1990), a case also governed by the 1988 version of LSA-R.S. 9:2800.6, we recognized the twofold nature of the merchant’s burden of proof. We held the merchant must prove "that it did not create the hazard and that its employees exercised the degree of care which would lead to discovery of most hazards.” (Emphasis added.) Id., 559 So.2d at 488. In so holding, we relied on Brown v. Winn-Dixie Louisiana, Inc., 452 So.2d 685, 687 (La.1984), a case tried prior to the enactment of LSA-R.S. 9:2800.6. Implicit in our reliance on Brown is that a merchant’s burden of proof was not changed by 9:2800.6. The enactment of that statute simply facilitated the merchant’s burden of proof by relieving the merchant of the potential burden of producing testimony from every employee in the store on the date of the accident. See McCardie v. Wal-Mart Stores, Inc., 511 So.2d 1134 (La. 1987).