816 So.2d 315 (2002)
Barbara DICKERSON
v.
WINN-DIXIE, INC.
No. 2001 CA 0807.
Court of Appeal of Louisiana, First Circuit.
February 27, 2002.
Writ Denied May 31, 2002.
James C. Ferguson, Baton Rouge, Counsel for Plaintiff/Appellant Barbara Dickerson.
Mary G. Erlingson, Baton Rouge, Counsel for Defendant/Appellee Winn-Dixie, Inc.
*316 Before: DOWNING, CLAIBORNE[1] and LANIER[2], JJ.
DOWNING, Judge.
By this appeal, appellant, Barbara Dickerson (Dickerson) contests a grant of summary judgment to appellee, Winn-Dixie Louisiana, Inc. (Winn-Dixie), dismissing appellant's suit for damages arising out of a slip and fall incident at Winn-Dixie Store # 1585. For the following reasons we affirm.

FACTS AND PROCEDURAL HISTORY
On March 22, 1995, the appellant, Barbara Dickerson, allegedly slipped and fell in potting soil or a foreign substance on the floor of Winn-Dixie Store # 1585. As a result of the fall she claims injuries to her back and neck. On February 22, 1996, Dickerson filed suit in the 19th Judicial District Court in East Baton Rouge Parish asserting claims based on theories of negligence and strict liability. On June 5, 2000, Winn-Dixie filed a motion for summary judgment. The motion was originally set for hearing on July 17, 2000, but was continued. The motion was refiled on October 2, 2000, set for hearing on November 27, 2000, and again continued until January 22, 2001. After a hearing on the motion, summary judgment was granted in favor of Winn-Dixie on the grounds that Dickerson failed to prove all of the elements necessary for relief under La. R.S. 9:2800.6. Specifically, Dickerson presented no evidence that Winn-Dixie, prior to the occurrence in question, created or had actual or constructive notice of the condition that caused the injury. The judgment was signed on January 25, 2001, dismissing the case with prejudice. Dickerson now appeals to this court.

STANDARD OF REVIEW
Appellate courts review summary judgments de novo under the same criteria that govern the trial court's consideration of whether a summary judgment is appropriate. Guillory v. Interstate Gas Station, 94-1767 (La. 3/30/95), 653 So.2d 1152. The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of actions. The procedure is favored and shall be construed to accomplish these ends. La. C.C.P. art. 966(A)(2). The initial burden of proof is on the movant to show that no genuine issue of material fact exists. La. C.C.P. art. 966(C)(2). The movant's burden on the motion for summary judgment does not require him to negate all essential elements of the adverse party's claim, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim. La. C.C.P. art. 966(C)(2). Once the mover has made a prima facie showing that the motion should be granted, if the non-movant bears the burden of proof at trial on the issue before the court, the burden shifts to him to present evidence demonstrating that material factual issues remain. La. C.C.P. art. 966(C)(2); Hayes v. Autin, 96-287 (La.App. 3 Cir. 12/26/96), 685 So.2d 691, writ denied, 97-0281 (La.3/14/97), 690 So.2d 41. A motion for summary judgment is properly granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that the movant is entitled to *317 judgment as a matter of law. La. C.C.P. art. 966(B).

LAW AND ANALYSIS
This case revolves around the application of the laws on strict liability under La. C.C. art. 2317 and negligence under La. R.S. 9:2800.6.

1. Strict Liability
Dickerson argues that the applicable statute here is the strict liability provision under La. C.C. art. 2317 as read before the 1996 revisions. Dickerson's argument is misplaced as it is well settled that strict liability is not applicable to slip and fall cases such as the one before us. The temporary presence of a foreign substance, here potting soil or something of the like, is not, in and of itself, a `defect' for purposes of strict liability under La. C.C. art. 2317. Holden v. Louisiana State University Medical Center-Shreveport, 29,268 (La.App. 2 Cir. 2/28/97), 690 So.2d 958; Mitchell v. Travelers Ins. Co., 464 So.2d 404 (La.App. 1 Cir.1985); McKinnie v. Department of Transportation and Development, 426 So.2d 344 (La.App. 2 Cir. 1983), writ denied, 432 So.2d 266 (La. 1983); Naylor v. Louisiana Department of Public Highways, 423 So.2d 674 (La.App. 1 Cir.1982); Brown v. Winn-Dixie Louisiana, Inc., 417 So.2d 44 (La.App. 1 Cir. 1982), rev'd on other grounds, 452 So.2d 685 (La.1984). The reasoning for the rule is that the presence of the foreign substance does not create a vice or a defect inherent in the thing itself. The presence of a substance like potting soil does not render the premises (the `thing' for purposes of strict liability) defective, and La. C.C. art. 2317 is inapplicable. Thus, claims of this nature must be brought under the law on negligence as found in La. R.S. 9:2800.6.

2. Negligence under La. R.S. 9:2800.6
The applicable statute to the facts of this case is La. R.S. 9:2800.6. This statute has been amended in 1990 and in 1996 since its enactment. Since the incident in question occurred in 1995, prior to the enactment of the current amendment, it is a 1995 reading of La. R.S. 9:2800.6 that should be applied here. La. R.S. 9:2800.6, as written prior to the 1996 revision provides:
A. A merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage.
B. In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, and in addition to all other elements of his cause of action, that:
(1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable;
(2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence; and
(3) The merchant failed to exercise reasonable care.
C. Definitions:
(1) "Constructive notice" means the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care.

*318 (2) "Merchant" means one whose business is to sell goods, foods, wares, or merchandise at a fixed place of business.
The statute mandates that the claimant shall have the burden of proving each of the enumerated requirements set out in Section (B) with no shifting of the burden of proof to the merchant. White v. Wal-Mart Stores, Inc., 97-0393 (La.9/9/97), 699 So.2d 1081, 1084, Kennedy v. Wal-Mart Stores, Inc., 98-1939 (La.4/13/99), 733 So.2d 1188, 1190. Thus, if but one of the elements cannot be sustained, the entire action will fail.
Winn-Dixie argues that Dickerson cannot prove that she meets the requirements of La. R.S. 9:2800.6, specifically the actual or constructive notice requirement in Section B(2), and was properly granted summary judgment. The Louisiana Supreme Court has discussed at length the constructive notice requirement in White v. Wal-Mart Stores, Inc., 97-0393 (La.9/9/97), 699 So.2d 1081.[3] Section B(2) of the statute requires that the claimant show that the merchant either created or had actual or constructive notice to the condition which caused the damage, prior to the occurrence. The definition of constructive notice found in Section C(1) additionally requires that, in order for constructive notice to be found, the claimant must show that the condition existed for such a period of time that it would have been discovered had the merchant exercised reasonable care. This "temporal element" is essential as "a claimant who simply shows that the condition existed without an additional showing that the condition existed for some time before the fall has not carried the burden of proving constructive notice as mandated by the statute." White at 1084. There is no bright line time period, but the claimant must show that the condition existed for some time prior to the occurrence. Id.
Dickerson contends that she is entitled to an adverse presumption for Winn-Dixie's failure to provide cleanup and inspection records. Counsel for Dickerson requested such records in 1996 pursuant to a Request for Production of Documents. Winn-Dixie initially objected to this request on the grounds that the request was "overly broad, burdensome and beyond the scope of discovery." Subsequently, Winn-Dixie denied having any cleanup and inspection records at all. If Dickerson could have shown that cleanup and inspection records existed and were destroyed after Winn-Dixie had notice of the litigation, perhaps she would have been entitled to an adverse presumption such that would defeat the motion for summary judgment. However, Dickerson failed to provide proof of any of these things. On Dickerson's failure to provide proof, the trial judge states in his reasons:
No opposition was filed. No motion to compel was filed. Nothing was done until this morning, the date of the hearing when an opposition was presented to my office. That opposition contained no countervailing affidavits, contained no evidence of any kind as to how long the foreign substance may have been on the floor.
The astute judge also points out that Dickerson had over four years in between the filing of the suit to the motion for summary judgment to accumulate whatever *319 evidence she needed to prove her case. As such, we agree with the trial judge that Dickerson is not entitled to an adverse presumption that would defeat summary judgment because she failed to prove that Winn-Dixie acted improperly concerning the cleanup and inspection records.
We find, after viewing the facts in a light most favorable to the appellant, that summary judgment was properly granted in this case. Simply put, Dickerson did not present any evidence that would prove that Winn-Dixie had actual or constructive notice of the presence of potting soil on the floor prior to the incident. Without such a showing, she cannot sustain an action under La. R.S. 9:2800.6. Dickerson presents no evidence that Winn-Dixie had actual notice of the condition of the floor. Nor has there been any showing that the condition had been present on the floor for such a time as to support a finding of constructive notice. Thus, the trial court did not err by granting summary judgment in favor of Winn-Dixie.

CONCLUSION
Based on the previous discussion, we find that the trial court properly granted summary judgment in favor of Winn-Dixie. Costs associated with this appeal are to be assessed to appellant, Barbara Dickerson.
AFFIRMED.
NOTES
[1] Honorable Jan W. Claiborne, Judge (retired), serving Pro Tempore by special order of the Louisiana Supreme Court.
[2] Honorable Walter J. Lanier, Jr., Judge (retired), serving Pro Tempore by special order of the Louisiana Supreme Court.
[3] Dickerson incorrectly relies on Welch v. Winn-Dixie Louisiana, Inc., 94-2331 (La.5/22/95), 655 So.2d 309, in support for her arguments. Welch is no longer applicable as it was expressly overruled by the Louisiana Supreme Court in White v. Wal-mart Stores, Inc., 97-0393 (La.9/9/97), 699 So.2d 1081.