# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

April 14, 2020

Lyle W. Cayce
Clerk

No. 19-30843
Summary Calendar

JOSEPHINE MCGINNIS,

     Plaintiff - Appellant

v.

TARGET CORPORATION OF MINNESOTA, also known as Target
Corporation; ACE AMERICAN INSURANCE COMPANY,

     Defendants - Appellees

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:18-CV-9693

Before JOLLY, JONES, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

In this slip-and-fall case, the district court granted summary judgment to Target in a thorough opinion. Josephine McGinnis appeals that adverse judgment.[1] She contends that the district court erred in concluding that no

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] "This court reviews a district court's grant of summary judgment de novo, applying the same legal standards as the district court." *Am. Home Assurance Co. v. United Space All., LLC*, 378 F.3d 482, 486 (5th Cir. 2004).

No. 19-30843

record evidence established that wax on Target's floor presented an unreasonable risk of harm, which McGinnis is required to prove under Louisiana's merchant liability statute. *See* LA. STAT. 9:2800:6(B)(1) ("[T]he claimant shall have the burden of proving . . . [that] [t]he condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.").

In support of this contention, McGinnis first points to several Louisiana cases that she claims stand for the proposition that "wax on a floor can be an unreasonably dangerous condition." *See Duckett v. K-Mart Corp.*, 94-0579 (La. 10/17/94), 645 So. 2d 621; *Savoie v. Sw. La. Hosp. Ass'n*, 2003-982 (La. App. 3 Cir. 2/25/04), 866 So. 2d 1078; *Choyce v. Sisters of Incarnate Word*, (La. App. 2 Cir. 8/19/94), 642 So. 2d 287. McGinnis is correct insofar as she asserts that wax *can* create a dangerous condition. But a waxed floor is not per se dangerous, as demonstrated by the cases McGinnis relies on. Rather, absent some other indication of dangerousness (*e.g.*, long term wax build up or expert testimony explaining the inherently dangerous nature of a particular waxed floor), evidence that a floor was recently waxed alone cannot suffice for a jury to find the existence of an unreasonably dangerous condition. *E.g.*, *Trench v. Winn-Dixie Montgomery LLC*, 14-152 (La. App. 5 Cir. 9/24/14), 150 So. 3d 472, 477 ("[E]ven if the manager stated that the floor had just been waxed and speculated that wax could have caused [the plaintiff's] fall, there is no evidence that anyone actually saw any wax buildup or any other foreign substance was on the floor.").

McGinnis next calls the court's attention to deposition testimony purportedly establishing that she fell because her foot caught on the waxed floor. However, McGinnis herself admitted that she "had no idea what was on

2

the floor" and merely speculated that the waxing caused her fall.[2] McGinnis's daughter, who was with McGinnis at the time of her fall, also testified that she saw nothing on the floor. The testimony of Ashley McGill, a former Target employee, further confirms that there was nothing unusual about the floor—it was not sticky, slick, wet, or improperly waxed.

McGinnis notes that McGill stated that the floor had "a lot of grip" when waxed and that she had previously tripped on it. But McGill further stated that it was her failure to pick up her feet, and not wax or anything else on the floors, that caused her to stumble. McGill's deposition testimony thus does not create a material issue of fact precluding summary judgment.

For the foregoing reasons, we **AFFIRM** the district court's judgment.

---

[2] Such speculation is insufficient to avoid summary judgment. *See Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir.1994) (en banc)) ("[The plaintiff's] burden will not be satisfied by 'some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence.'").