BARRY, Judge.
Schwegmann Giant Supermarkets, Inc. appeals a judgment which awards $8,432.75 from an alleged store accident.
Mable Matthews was in Schwegmann’s grocery store and claims she bent down to reach a can of red beans from a bottom shelf when cans fell on a higher shelf fell and hit the left side of her head. She said she did not touch the higher shelf and did not look at it prior to the incident. She did not know how many cans fell or what caused them to fall. Mrs. Matthews notified the manager and filled out a report. Mrs. Matthews and the manager went back to the scene and she said they observed two cans on the floor and an employee who was sitting nearby putting pricing on cans. She mentioned two painters were working in the area. Mrs. Matthews testified the left side of her neck had pain and she went home.
On cross-examination Mrs. Matthews admitted she had no idea what the higher shelf looked like prior to the accident or how the merchandise was arranged. She did not see the cans fall. Mrs. Matthews testified she had not worked since 1980 and had no lost wages.
There was a joint stipulation on medical reports from Dr. Henry Evans and Dr. Rodney Huddleston, medical bills of $580.00 and $750.00 and a pharmacy bill of $102.75.
Schwegmann specifies three errors:
1) The trial court erred by finding Mrs. Matthews carried her burden of proof;
2) The award was excessive;
3) The court erred by refusing to allow Schwegmann’s representative to testify.
BURDEN OF PROOF
Schwegmann argues that Mrs. Matthews presented no evidence of a defect or hazardous condition and did not carry her burden of proof. We agree.
A store victim must prove that a hazardous condition or defect presented an unreasonable risk of harm which caused the injury, after which the burden shifts to the store to exculpate itself from a presumption of negligence. Kimble v. Wal-Mart Store, 539 So.2d 1212 (La.1989) (rehearing granted only as to costs). If the evidentiary burden is shifted, the store must prove that it did not create the hazard and store personnel exercised the requisite degree of care. Brown v. Winn-Dixie Louisiana, Inc., 452 So.2d 685 (La.1984).
In McCardie v. Wal-Mart Stores, Inc., 511 So.2d 1134 (La.1987) the Supreme Court concluded that Wal-Mart did not meet its twofold burden under Brown because it failed to prove that none of its employees caused the spill which allegedly precipitated the injury. The court held that many Wal-Mart employees who could have caused the spill were not asked to testify, and only proving adequate cleanup procedures was insufficient. In answer to McCardie the legislature passed Act No. 714 in 1988 enacting La.R.S. 9:2800.6 which provides:
A. A merchant owes a duty to persons who use his premises to exercise reason *673 able care to keep his aisles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage.
B. In a suit for damages by a person who has suffered damages as the result of a hazardous condition while on the merchant’s premises, the person must prove that the accident was caused by a hazardous condition. The burden of proof then shifts to the merchant to prove that he acted in a reasonably prudent manner in exercising the duty of care he owed to the person to keep the premises free of any hazardous conditions.
C. In exculpating himself from liability under this subsection, the merchant need not introduce the testimony of every employee of the merchant or any particular proportion thereof, but is only required to introduce the testimony of any employee shown to have actually created the hazardous condition and those employees and management personnel whose job responsibilities include an inspection or cleanup of the area where the accident giving rise to the damages occurred.
D. “Merchant” means one whose business is to sell goods, foods, wares, or merchandise at a fixed place of business.
Section 2 of 1988 La. Acts No. 714 provides that it will become effective upon the signature of the governor and “shall apply to all cases tried on or after such date.” The governor approved the bill on July 18, 1988. This trial was held October 27, 1988 and is governed by the statute. Although the statute lessens the burden on the store owner, it requires the claimant to prove that a hazard in the store caused the injury, then shifts the burden to the store.
The threshold question is whether Mrs. Matthews proved that the accident was caused by a hazardous condition in Schwegmann’s. A premise hazard is a condition which causes an unreasonable risk of harm to customers under the circumstances. Johnson v. Insurance Company of North America, 360 So.2d 818 (La.1978); Jackson v. Fireman’s Fund Insurance Company, 436 So.2d 698 (La.App. 3d Cir.1983), writ denied 441 So.2d 217 (La.1983).
Only Mrs. Matthews testified as to the alleged accident. She said that while “she was shopping on the bottom shelf,” cans fell on her head. She did not notice the upper shelves and did not know how the cans had been stacked.
Mrs. Matthews stated she did not touch the shelf and didn’t place another customer or employee at the scene when the incident occurred. When she returned with the manager an employee in the aisle was pricing cans, but she did not mention his presence prior to the accident. Although two painters were nearby, she did not think they caused the accident.
What caused the cans to fall is unknown.
Mrs. Matthews relies upon Fuller v. Wal-Mart Stores, 519 So.2d 366 (La.App. 2d Cir.1988), where the plaintiff’s testimony established a prima facie case by establishing that a shopping cart’s tongue was protruding into the store’s walkway which caused an unreasonably dangerous condition. That case is distinguishable because the plaintiff specified the premise hazard.
As a reviewing court we should not disturb the factual findings of the trier of fact in the absence of manifest error. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978); Canter v. Koehring Co., 283 So.2d 716 (La.1973).
A court of appeal may not reverse even though convinced that if it had been sitting as the trier of fact it would have reached a different conclusion. Rosell v. ESCO, 549 So.2d 840 (La.1989). The appellate court must conclude that the fact finder’s choice between two reasonable choices was manifestly erroneous or clearly wrong. A reviewing court’s initial function is not to decide factual issues de novo. The appellate court may still properly reverse when it concludes after reviewing the entire evidence that a clear mistake has been made and the trial court was clearly wrong.
*674 CONCLUSION
We conclude Mrs. Matthews did not prove by a preponderance of the evidence there was any hazard on the premises. Therefore, the burden never shifted to Schwegmann to exculpate itself. The trial court was manifestly erroneous when it found that Mrs. Matthews carried her burden and granted her recovery.
We pretermit Schwegmann Giant Supermarkets’ other specifications of error.
The judgment is reversed.
REVERSED.