KLEES, Judge.
Plaintiff, Dora Morgan, brought suit individually and on behalf of her minor child, Tameka Morgan, against Schwegmann Giant Super Markets, Inc., for injuries allegedly sustained in a slip and fall accident. The trial court awarded plaintiff $4910.00 for pain and suffering and medical expenses. Defendant appeals. After reviewing the record and applicable law, we affirm.
At the trial on the merits, plaintiff testified that she was grocery shopping with her daughter on August 27, 1988, at Schwegmann’s in Chalmette, La. She asked her daughter to get some bleach on another aisle. A few moments later, another shopper, Miss Joyce Crowden, found plaintiff and told her that her daughter had fallen and was hurt. Ms. Morgan went to the cleaning aisle to help her daughter up and found her sitting in a strong smelling liquid substance. Plaintiff reported the accident to Mr. Hogan, a Schwegmann’s security officer responsible for investigating customer accidents. Plaintiff testified that *973 no one asked her about the substance on the floor, nor did anyone go to the aisle where the accident occurred. Plaintiff brought her daughter to the doctor the next day for a leg injury and she underwent treatment for three weeks.
Defendant presented witnesses who testified as follows. Troylyn Brown, a porter-ette for Schwegmann’s but not responsible for cleaning the area where the plaintiff fell, testified that she was on her way back from lunch at the time of the accident and she saw two or three kids running around playing and one of them fell on the floor. She testified that she did not see or smell any liquid on the floor.
Michelle Calvin was the porterette responsible for sweeping and mopping the area at issue. She testified that she was mopping a spill further down the aisle from where the plaintiff fell. This spill was a different spill from the one that the plaintiff alleges existed. She said a bunch of kids were playing and she heard the girl fall, but went on doing her job because someone was already there with the girl.
Security officer Hogan testified that he found the girl on the floor, but he did not see or smell any liquid substance on the floor or on the girl’s dress. He also testified that an accident report was prepared but no witnesses to the accident were included on this list.
The trial court ruled in favor of the plaintiff. Defendant appeals claiming that the trial court committed manifest error in finding that plaintiff met its burden of proof.
The manifest error rule is the standard by which the fact-finding function of the trial court is measured.
Where there is evidence before the trier of fact which, upon its reasonable evaluation of credibility, furnishes a reasonable factual basis for the trial court’s finding, on review the appellate court should not disturb this factual finding in the absence of manifest error ... [Wjhere there is a conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are reasonable. Canter v. Koehring Co., 283 So.2d 716 (La.1973), Rosell v. Esco, 549 So.2d 840 (La.1989), Sistler v. Liberty Mutual Insurance Co., 558 So.2d 1106 (La.1990).
If the trial court or jury’s findings are reasonable in light of the record reviewed in its entirety, the court of appeal may not reverse, even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently. Sistler, at 1112.
In an action concerning a merchant’s liability arising from hazardous conditions existing on their property, La. R.S. 9:2800.6 provides:
A. A merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage.
B. In a suit for damages by a person who has suffered damages as the result of a hazardous condition while on the merchant’s premises, the person must prove that the accident was caused by a hazardous condition. The burden of proof then shifts to the merchant to prove that he acted in a reasonably prudent manner in exercising the duty of care he owed to the person to keep the premises free of any hazardous conditions.
C. In exculpating himself from liability under this subsection, the merchant need not introduce the testimony of every employee of the merchant or any particular proportion thereof, but is only required to introduce the testimony of any employee shown to have actually created the hazardous condition and those employees and management personnel whose job responsibilities include an inspection or clean up of the area where the accident giving rise to the damages occurred.
*974 D. “Merchant” means one whose business is to sell goods, foods, wares, or merchandise at a fixed place of business.
The defendant relies on Matthews v. Schwegmann Giant Supermarkets, 555 So.2d 671 (La.App. 4th Cir.1989) in saying an appellate court may reverse when the trial court is clearly wrong. In Matthews, plaintiff was injured when some cans fell off a shelf and hit her in the head. The Fourth Circuit concluded that the plaintiff did not prove by a preponderence of the evidence that there was a hazard on the premises. The cause of the accident was unknown. Nevertheless, the Supreme Court reversed at 559 So.2d 488 (La.1990) finding, “circumstantial evidence ... established that the condition of the shelf presented an unreasonable risk of harm which caused plaintiff’s injury.”
In the case at issue, the trial judge found that a hazardous condition existed. As the trial judge stated in his reasons for judgment, plaintiff met her burden of proving that her daughter slipped on a foreign substance on the floor causing her to fall, and defendant failed to exculpate itself from liability for that foreign substance’s presence. Unlike the case of Manieri v. National Tea Company, 573 So.2d 1268 (La.App. 4th Cir.1991) there was no direct testimony by any Schwegmann employee that this area had been cleaned within minutes preceding the accident. The testimony of defendants’ employees was conflicting in several respects and we cannot say that the trial judge was clearly wrong in finding that the defendant breached its duty to exercise reasonable care to keep its aisles, passageways and floors in a reasonably safe condition. The trial judge’s evaluations of credibility and findings of fact were reasonable. He did not commit manifest error in finding that plaintiff’s testimony established the fact that the liquid on the floor created an unreasonably dangerous condition. The burden of proof then shifted to the defendant to present evidence to exculpate itself, which defendant failed to do.
Accordingly, we affirm the trial court’s finding for the plaintiff and against the defendant.
AFFIRMED.