KLIEBERT, Chief Judge.
Defendant-appellant, Wal-Mart Stores, Inc., suspensively appeals the trial court’s judgment in a tort suit awarding plaintiff-appellee, Connie Webster Mitchell, damages amounting to $7,330.60 for personal injuries she sustained in a slip-and-fall incident at the defendant’s store. In her answer to the appeal, Ms. Mitchell seeks an increase in the general damages awarded by the trial court and asks us to award her damages against Wal-Mart for taking a frivolous appeal. For the reasons hereafter stated we affirm on other grounds, but refuse to increase damages or to award damages for a frivolous appeal.
The plaintiff’s injury occurred on the afternoon of June 1, 1990 at the defendant’s store on Clearview Parkway in Jefferson Parish. After completing her shopping, Ms. Mitchell checked her purchases with a store representative and then went to the snack bar to get a cup of ice water. She walked down the customer self-service aisle at the snack bar to ask the cashier about the charge for a cup of ice water. Along one side of this aisle are several food displays and beverage dispensers from which customers serve themselves before paying the cashier at the far end of the aisle. These displays and dispensers are *628 lined up on a counter which is approximately waist-high. On the other side of the aisle is a partition, also waist-high, which separates the self-service aisle from the dining area of the snack bar. The floor in the snack bar is covered with the same flooring material as is used throughout the rest of the store. The self-service aisle is wide enough to easily accommodate a customer with or without a shopping cart.
After finding out the price of a cup of ice water from one of the snack bar personnel, Ms. Mitchell turned and walked back down the self-service aisle toward the ice and beverage dispenser. As she was reaching for a cup in the holder beneath the ice and beverage dispenser, Ms. Mitchell slipped on some ice on the floor, and fell, striking her back on the floor. Store personnel assisted Ms. Mitchell to a seating area where she regained her composure. She complained of pain in her lower back area. The store manager was advised of the incident and he obtained information about what happened from Ms. Mitchell. After resting for about thirty minutes, Ms. Mitchell left the store and went home, where she continued to experience lower back pain. She sought treatment from her family physician who prescribed medication and referred her to orthopedic specialists. Her injury was diagnosed as lumbosacral strain, and she was treated with medication and physical therapy until her discharge from physician’s care on December 11, 1990.
Ms. Mitchell and her husband initiated this tort suit with a petition alleging negligence on Wal-Mart’s part for failing to maintain the aisle floor in a reasonably safe condition and for failing to take adequate precautionary measures to inspect, detect, and correct dangerous conditions on the floor. The case proceeded to a bench trial where Ms. Mitchell was the only witness to testify. After considering the evidence, the trial judge concluded that the ice dispenser created an ongoing hazardous condition because the shallow, plastic collection tray beneath the dispenser allowed ice to easily fall to the floor of the aisle. He ruled in favor of Ms. Mitchell and awarded her $3,000.00 in general damages for pain and suffering, and $4,330.60 in special damages for medical expenses and lost wages. On appeal, defendant Wal-Mart specifies two error assignments.
Wal-Mart first argues that the trial court erred in ruling for the plaintiff because the evidence did not establish a causal relationship between the injury sustained by Ms. Mitchell and the duty owed by Wal-Mart in this case. According to Wal-Mart, the plaintiff did not prove that the cause-in-fact of her injury was the defendant’s failure to have adequate procedures for the inspection and cleanup of the store’s floors. Wal-Mart points to the trial judge’s finding that the hazard in this case was ongoing, because the ice dispenser continuously allowed ice to fall on the floor, and it contends that the plaintiff’s injury would have occurred even in the presence of adequate inspection and cleanup procedures since such procedures are not meant to address an ongoing hazard.
The plaintiff’s petition alleges a tort action against Wal-Mart for negligence based on LSA-R.S. 9:2800.6. In the form existing at the time of this incident,[1] LSA-R.S. 9:2800.6 provided:
“A. A merchant owes a duty to persons who use his premises to exercise reasonable care to keep his passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage.
B. In a suit for damages by a person who has suffered damages as the result of a hazardous condition while on the merchant’s premises, the person must prove that the accident was caused by a hazardous condition. The burden of proof then shifts to the merchant to prove that he acted in a reasonably prudent manner in exercising the duty of care he owed to the person to keep the *629 premises free of any hazardous conditions.
C. In exculpating himself from liability under this Subsection, the merchant need not introduce the testimony of every employee of the merchant or any particular proportion thereof, but is only required to introduce the testimony of any employee shown to have actually created the hazardous condition and those employees and management personnel whose job responsibility included inspection or cleanup of the area where the accident giving rise to the damages occurred.
D. ‘Merchant’ means one whose business is to sell goods, foods, wares, or merchandise at a fixed place of business.”
Under the foregoing provisions, the merchant owes his customers a duty to use reasonable care in maintaining his premises in a safe condition, and that duty includes reasonable efforts by the merchant to keep the premises free of hazardous conditions which pose the threat of causing damage. A person claiming injury from a hazardous condition on the premises must prove that the injury was caused by the hazardous condition. The burden then shifts to the merchant to refute the presumption of negligence against him by proving that he exercised his duty to keep his premises free of hazardous conditions in a reasonably prudent fashion. Evidence of the merchant’s inspection and cleanup procedures forms an integral part of the proof necessary to refute the presumption of negligence against the merchant. Crandell v. Winn-Dixie Louisiana, Inc., 580 So.2d 967, 971 (5th Cir.1991).
The only testimony presented at the trial in this case came from the plaintiff, Ms. Mitchell. She testified that, upon completing her shopping at Wal-Mart and checking her bags with a store representative, she went to the snack bar in the store to get a drink of ice water. After asking about the price for the ice water, Ms. Mitchell walked down the snack bar’s self-service aisle to get the cup of water from the nearby ice and beverage dispenser. While reaching for a cup, Ms. Mitchell slipped on some ice which was on the floor of the self-service aisle. At trial, Ms. Mitchell affirmatively identified ice as the substance on which she slipped. She testified that she first saw the ice on the floor after she fell.
In connection with Ms. Mitchell’s testimony, counsel for the plaintiff introduced into evidence five photographs depicting the snack bar area where the slip and fall occurred. These photographs show the self-service aisle of the snack bar and the ice and beverage dispenser. At the conclusion of Ms. Mitchell’s testimony, both parties rested their cases. The trial judge then ruled in plaintiff’s favor.
Announcing his reasons for judgment, the trial judge referred to the photographs introduced as evidence and stated his conclusion that the ice dispenser allowed ice to continuously “spew” onto the floor because the collection tray beneath the dispenser was too shallow. He characterized this as an “ongoing” hazardous condition and recognized that this situation differed from that normally covered by LSA-R.S. 9:2800.6. It appears the trial judge had in mind the strict liability of Civil Code Article 2317 which imposes strict liability for damage caused by a defective thing in one’s custody. However, the plaintiff did not assert in her petition a strict liability claim under La.-C.C. Article 2317. Nor did she attempt to prove such a claim at trial. Rather, the plaintiff’s theory of liability in this case was confined to negligence under LSA-R.S. 9:2800.6. While we have previously held that the precise theory of the case need not be expressed in the petition, we have required that the recovery granted under any legal theory be justified by the facts pled in the petition and proven at the trial. Gisclair v. Matmoor, Inc., 537 So.2d 876, 879 (5th Cir.1989), writ denied, 541 So.2d 901 (La.1989).
Upon careful examination of the record, we conclude that the plaintiff proved her negligence claim against the defendant. She established that she slipped and fell on ice which was on the floor of defendant’s snack bar, thereby creating a presumption of negligence against *630 the defendant under LSA-R.S. 9:2800.6 B. The burden then shifted to the defendant to refute that presumption of negligence, but the defendant failed to meet that burden. Contrary to the defendant's argument on this specification of error, the plaintiff did prove that the cause-in-fact of her injury was Wal-Mart’s failure to have adequate procedures for the inspection and cleanup of the snack bar floor. Although its ruling was based on the theory of liability inapplicable to this case, the trial court correctly ruled in favor of the plaintiff, Connie Webster Mitchell, and against the defendant, Wal-Mart Stores, Inc.
The conclusion reached in the first assignment of error makes it unnecessary to address the defendant’s second error assignment which challenges the trial judge's finding that the ice dispenser constituted an ongoing hazardous condition.
We have also considered the claims raised by the plaintiff-appellee in her Answer to Appeal. In the first of those two claims, the plaintiff-appellee seeks an increase of the trial court’s award of $8,000.00 in general damages. Based on a review of the evidence relating to Ms. Mitchell’s injuries and her medical treatment, the award of general damages in this case was not so low as to constitute an abuse of the considerable discretion afforded the trial judge in assessing such damages. La.-C.C. Article 2324.1. The plaintiff-appellee next claims entitlement to an award of damages for what she contends is a frivolous appeal by the defendant-appellant. However, the appeal raised valid1 legal questions and did not amount to a frivolous appeal under Rule 2-19 of the Uniform Rules of Louisiana Courts of Appeal, as cited by plaintiff-appellee, or under La.-C.C.P. Article 2164. Both of the claims contained in plaintiff-appellee’s Answer to Appeal are thus denied.
Accordingly, we affirm the judgment of the trial court at defendant-appellant’s costs.
AFFIRMED.

. LSA-R.S. 9:2800.6 was amended by 1990 La. Acts, No. 1025 which became effective on September 1, 1990. Section 2 of Act No. 1025 specifies that the amended statute applies only to causes of action arising after that effective date.